STATE OF MISSOURI, USE OF BUCHANAN COUNTY, Respondent, v. JOSEPH B. SMITH *et al.*, Appellants.

*Payments, application.*—Where the collector of the revenue, in his settlement with the County Court, had settled his account, as made out by the county clerk, without objection, he admits that the payments have been properly applied, and his securities will be bound thereby. (S. C., 26 Mo. 226.)

*Appeal from Buchanan Common Pleas Court.*

*H. M. & A. H. Vories*, for appellants.

Even if the money could have been appropriated, as it was by the court, as between the original parties, that is, as between the sheriff and the county, yet the law does not permit such an appropriation when it will interfere with the rights of securities or other third parties who are to be affected by the transaction. (See authorities above cited; also United States vs. January & Patterson, 1 Cranch, 572; United States v. Eckford's Ex'rs., 1 Howard's U. S. C. C. R. 250.) This last case covers every point in this case, and is worthy of particular attention.

The securities in the bond sued on undertook that Smith should collect and pay into the treasury of Buchanan County

the revenues for the years 1854 and 1855. The evidence shows that this was done in the proper time. It is therefor e contended that the sureties were discharged as soon as the money was paid in, and that the sheriff and County Court could not change their condition by afterwards applying the money collected and paid of the revenue of said years to a previous default. (For which, see above authorities.)

*J. M. Bassett,* for respondent.

I. It cannot be successfully questioned in this case but that Buchanan County credited Smith with the full amount paid into the county treasury. The real question is as to the application of the payments made by said collector. The law will make no application of said payments unless the debtor and creditor have both failed to apply them in a proper manner. It is not contended that the County Court, or its clerk, or the treasurer of said county, knew from what source Smith obtained the money that was applied to the defalcation on the bond of 1852–3. Smith, the collector, did know, and if he did, in fact, divert a portion of the revenue of 1854–5 to extinguish a defalcation on his collector's bond of 1852 & 3, and the county received the money in good faith, and entered satisfaction of the accounts under the bond of 1852–3, the appellants are responsible. (See authorities below cited.)

II. In this case, the application and appropriation of said payments was made a question of fact, and fairly submitted to the jury under the instructions for plaintiff, and particularly under the seventh instruction given for plaintiff.

III. Smith adopted the application of said payments as made by the agents of said county, and thereby made said application his own act; and if he consented to a misapplication of said revenue, and the agents of the county to settle with said Smith were not aware of an improper diversion of said revenue, then said appellants are liable. The doctrine of the application of payments where two sets of securities are concerned, and where the law must interfere and apply payments because the persons interested have made no such applica-

tion, it is respectfully urged has no application to this case. (State, to the use of Buchanan County, v. Smith *et al.* 26 Mo. 226; Inhabitants of Colerain v. Bell, 9 Metcalf, 499; U. S. v. Kirkpatrick, 9 Wheat. 720; Seymour v. Van Slyck, 8 Wend. 403; 11 Barbour's Sup. Ct. 90; 9 Cowen, 747, 420; 15 Wend. 19; 3 Denio, 285; Burge on Suretiship, 123, 130; Mayor of Alexandria v. Patton, 4 Cranch, 316; 4 Mason, 335.) No person is authorized to settle with the collector but the County Court. (R. C. 1845, p. 308.)

*Gardenhire, J. B.*, for respondent.

There was no error in refusing to instruct, that, in the absence of any application of payments at the time they were made, the law *conclusively* applied them to the indebtedness of the term during which they were made. Where a legal application of payments has been made, one of the parties alone cannot change it, but it may be changed by the assent of both. (25 Maine, 29.) Where a creditor applies a payment known to the debtor, and he acquiesces in it, it is conclusive upon him. (11 Barb. Sup. Ct. 80.) Payments are to be applied according to the understanding of the parties, when that can be ascertained at any time before controversy, and it may be implied from circumstances. (2 Har. & Gill, 159; 13 Vt. 15; 5 Watts & Serg. 542; 3 Watts & Serg. 550; 7 Blackf. 236; 5 Gilman, 449.)

BATES, Judge, delivered the opinion of the court.

This suit was brought against Smith as principal, and the other defendants as securities, on the bond of Smith, as collector of revenue in Buchanan county for the two years next ensuing the first of September, 1854. The petition assigned several breaches of the condition of the bond, which were substantially the same, to the effect that Smith had collected some nine thousand dollars for Buchanan County more than he had paid over to the county, or otherwise legally accounted for.

Smith failed to answer, and the other defendants answered, traversing the alleged breaches of the condition of the bond.

At the trial, it appeared that Smith had been collector of the revenue for the two years previous to the years covered by this bond, and had given bond for those years (1852 & 3) with a different set of securities; and that at the time the bond in suit was given, Smith was in default for sums which he collected of the revenue for 1852 & 3, and had not paid over; and that after this bond was given, he paid to the county several sums of money which were applied to the extinguishment of his debt for the years 1852 and 1853. The contest in the case is as to whether the sums so paid were properly applied. This case was heretofore before this court, and is reported in 26 Mo. 226. The principles stated in the opinion then delivered governs the case as now presented.

It now appears that the collector from time to time paid into the county treasury sums of money of county revenue, without giving any directions as to how they should be applied, and that the treasurer, in fact, made no application of the sums so paid, but gave the collector credit for the sums so paid as on account of county revenue, without specifying the year for which they were received, and gave the collector receipt for the same sums "on account of county revenue;" that the collector, on depositing the treasurer's receipts with the county clerk, gave no directions as to their application, and the clerk in his accounts applied the payments for which receipts were deposited with him, to the settlement of the oldest indebtedness of the collector. It does not appear with certainty that the collector knew of such application, though as to the last sum so applied, it appears that the collector asked the clerk what was the balance against him for the year 1853, and having been told, he went out, and immediately returned with the treasurer's receipt for the precise amount, which he deposited with the clerk. Upon the final settlement made by the collector with the County Court, the application of these sums made by the county clerk was adopted without anything being said either for or against it

by either party. No person representing the plaintiff knew from what source Smith got the money. The application was thus fully made by the proper parties, and binds the sureties of collector, and upon the verdict judgment was properly given against them in the court below.

Judgment affirmed. Judges Bay and Dryden concur.