THE STATE *ex rel.* SCOTLAND COUNTY, *Appellant*, v. EWING, Collector, *et al.*

Division One, May 22, 1893.

1. **County Collector:** TAXES: COMMISSIONS: STATUTE. A county collector is, under Revised Statutes, 1889, sec. 7640, entitled to commissions on the taxes levied and not on the taxes collected, for any given year.

VOL. 116—9

The State ex rel. Scotland Co. v. Ewing.

2. ———: ———: ———: ———.  Taxes specially levied to pay judgments against the county on railroad aid bonds are county taxes, within the meaning of said section 7640, and are to be included in computing the collector's commissions and this is the case regardless of the fact that the levies were made without the order of the circuit court or of the judge thereof in vacation having been first obtained in compliance with section 7654, Revised Statutes, 1889.

3. **Taxes**: COLLECTOR: ESTOPPEL.  A collector of taxes cannot deny the right of his principal to receive them from him on the ground that such taxes were illegally collected.

4. **Railroad Aid Bonds**: TAX LEVY FOR: STATUTE.  Revised Statutes, 1889, sections 7653, 7654, requiring levies for special taxes to pay railroad aid bonds to be made only on the order of the circuit court or of the judge in vacation do not apply to levies to pay bonds issued prior to their enactment.

5. **County Court**: SETTLEMENTS WITH COLLECTOR: MISTAKES.  Settlements by a county court with the collector have not the conclusiveness of judgments, but may be inquired into and mistakes may be corrected in like manner as in the case of settlements between individuals acting in their own behalf.

6. ———: ———: MISTAKE OF LAW.  An error in the decision of the county court as to the amount of the collector's commissions is a mistake of law on account of which the settlement cannot be avoided, nor the excessive commissions paid him be recovered of him and the sureties on his bond.

*Appeal from Scotland Circuit Court.*—HON. JAS. G. BLAIR, Special Judge.

AFFIRMED.

*John C. Moore* for appellant.

(1) Settlement with the county court is not a bar to a suit on the collector's bond. *Nolley v. Callaway County Court*, 11 Mo. 447; *State to use v. Smith*, 26 Mo. 226; *State to use v. Roberts*, 60 Mo. 402; *State to use v. Smith*, 65 Mo. 464; *Sidwell v. Birney*, 69 Mo. 147; *United States v. Eckford*, 1 Howard, 250. (2) The prosecuting attorney has authority to sue without the order of the county court. Revised Statutes, 1879, secs. 513, 514, 6781, 6823; Revised Statutes, 1889, secs. 637, 638, 7636, 7668; *State ex rel. v. Hagar*, 91

Mo. 452; *Cummings v. St. Louis*, 90 Mo. 259. (3) The rate of commission is statutory, the duty of determining it is ministerial. The statute determines that the rate shall be fixed by taking the sum of the taxes to be collected, in any year, and not by the sum of the collections. Laws of Missouri, 1883, sec. 1, p. 144; Revised Statutes, 1889, sec. 7640. (4) Where the bonds have been issued by a county prior to March 8, 1879, and a competent Federal court has rendered judgment on coupons detached from said bonds, at any time since issue, and ordered a levy of taxes made by peremptory *mandamus* to pay same, and levy has been made by the county court in obedience, without the circuit court of the county directing the county court to make the levy, such a levy is valid and the taxes thus levied are county taxes. *Seibert v. Lewis*, 122 U. S. 284; *State ex rel. v. Railroad*, 101 Mo. 136. (5) The word "levy" as used in the revenue law directing county courts, means "an order of the county court, which directs the clerk to extend the specified tax at a specified rate upon the tax book." It does not mean "collect." *State ex rel. v. Railroad*, 101 Mo. 136; *Palms v. Skawano County*, 21 N. W. Rep. 77; Revised Statutes, 1889, ch. 138. A thousand American decisions can easily be cited, showing that the word "levy" is used in the sense of making the order to tax and fixing the rate. Defendants are chargeable with ten per cent. per month penalty from March 7, 1889, the date of making settlement. Revised Statutes, 1889, sec. 7668; Revised Statutes, 1879, sec. 6823.

*John D. Smoot, McKee & Jayne* and *Mudd & Wagner* for respondents.

(1) A fair construction of the statutes, fixing the rate of commission of collectors, would not include

taxes levied to pay judgments levied on bonds issued by the county in 1870. Revised statutes, 1889, secs. 7640, 7653, 7655, 7662, 7663. The legislature had no present power to impose the tax. Art. 10, sec. 11, Constitution. *Arnold v. Hawkins*, 95 Mo. 569; *State ex rel. v. Railroad*, 92 Mo. 152. (2) The settlements of collector are *"prima facie"* correct and are not subject to correction, except for fraud or mistake of fact. The county court had full power to make the settlements pleaded in bar and nothing being alleged in the petition to remove or invalidate the effect of this settlement the same is of itself a sufficient bar to this. *Harshman v. Winterbottom*, 123 U. S. 215; *County of Marion v. Phillips*, 45 Mo. 75; *State ex rel. v. Roberts*, 60 Mo. 402; *State ex rel. v. Smith*, 65 Mo. 464. (3) If at the time of settlements the matter of commission was discussed and the settlements showed the amount of fees retained, then it was a mistake of law and no fees can be recovered back. *County of Marion v. Phillips*, 45 Mo. 75; *Freeman v. Curtis*, 51 Me. 140; *Elliott v. Swartwert*, 10 Peters 137; 2 Dillon on Municipal Corporations [2 Ed.], 859; *Kennedy v. Goodman*, 16 N. W. Rep. 834; *Miller v. Chepiany*, 17 N. W. Rep. 535; *Schell City v. Rumsey Mfg. Co.*, 39 Mo. App. 264; *Levi v. Kussick*, 13 Iowa 344; *Supervisors v. Briggs*, 2 Denio, N. Y. 26; *Snelson v. State*, 16 Ind. 29; *Westlake v. St. Louis*, 77 Mo. 47; 1 Parsons on Contracts, side page 466; 2 Chitty on Contracts [11 Ed.], 945. (4) The proper construction of the word levy, as used in section 7640, is to raise, to collect. *Valle v. Fargo*, 1 Mo. App. 344; *Waterman v. Harkness*, 2 Mo. App. 494. (5) County courts are the agents of the county and are empowered to settle with county officers for all funds in their hands. Revised Statutes, secs. 7627, 7628, 7629, 7630, 7619, 7667. (6) The penalty could not be imposed where claim was made in good faith

to the commissions. *Cape Girardeau v. Riley*, 72 Mo. 220.

MACFARLANE, J.—This action is upon the official bond of Joel Ewing, as collector of Scotland county, to recover certain sums retained by him on settlements as commissions, in excess, as is charged, of what was due him under the law. Defendants pleaded the settlements in bar.

On the trial it was shown that Ewing was collector of the county during the years 1888 and 1889, and the other defendants were securities on his bond. That in 1888 he made settlement with the county court in which he charged himself with $89,064.80 taxes received for collection between March, 1887, and March, 1888, and with collections amounting to $47,867.52. He was allowed four per cent. commissions on the collections.

In his settlement made in March, 1889, he charged himself with $75,836.87 as taxes coming into his hands for collection between March, 1888, and March, 1889, and with $43,246.17 colllections. He was allowed four per cent. commission on the amount collected.

For the year 1888 there was levied by the county court, without an order from the circuit court or judge, the sum of $41,343.34 to pay certain judgments against the county rendered upon interest coupons on bonds of the county, given in aid of railroads. For the year 1889 the sum of $26,590.87 was levied for like purposes, also without the order of the circuit court or judge. These levies were not made at the time the general levies for county purposes were made.

Under the evidence the court directed a verdict for defendants and plaintiff appealed.

I. If the county court in its settlement with the collector determined the rate per centum of the com-

mission to which he was entitled upon the amount of taxes collected, instead of the amount levied for the respective years, we think it mistook the law. Section 7640 provides that the collector shall receive as full compensation for his services in collecting the revenue, except back taxes, commissions to be determined upon the whole "state, county, bridge, road, school and all other local taxes, including merchants' and dramshop licenses, assessed and *levied* for any one year," the per cent. to be estimated upon the amount collected.

"In all counties wherein the total amount of all such taxes and licenses levied for any one year exceeds $60,000 and is less than $80,000, a commission of three per cent. on the amount collected.

"In all counties wherein the total amount of all such taxes and licenses levied for any one year exceeds $80,000 and is less than $120,000 two and one-half per cent. on the amount collected."

It is manifest from a reading of the foregoing provisions that the per cent. of the commissions should have been determined by the amount of all such taxes levied, that is by the amount ordered or required to be raised and not by the amount actually collected.

II.    The taxes specially levied to pay judgments against the county, recovered on railroad aid bonds, were county taxes within the true intent and meaning of said section 7640, and the amounts of these levies should have been included in ascertaining the total levies for the purpose of fixing the rate of the collectors' commission. *State ex rel. v. Railroad*, 101 Mo. 147.

The fact that these levies were not made at the time of making the general levies for county purposes, does not change the character of the taxes to be thereby raised.

III.    It is insisted by defendants that the levies for these special taxes were void for the reason that

they were made by the county court without having first obtained the order of the circuit court of the county, or the judge thereof in vacation, as required by section 7654, and that therefore the amount of such levies should not have been included in making up the total amount levied.

The record shows that the collector received and receipted for the tax book containing the bills for the taxes so levied, and, under that authority collected a large portion thereof. Under these circumstances we do not think it now lies in his mouth to deny the legality of the levies for the purpose of increasing his commissions. On the same ground he might decline to pay over to the county the money collected. "A collector of taxes cannot deny the right of his principal to receive them on the ground that they were illegally levied." Mechem's Public Offices and Officers, sec. 915; *Chandler v. State*, 1 Lea (Tenn.) 296; *Galbraith v. Gaines*, 10 Lea 574; *Placer Co. v. Austin*, 8 Cal. 305.

IV. But were the levies illegal? It appears from the proceedings under which the special levies were made that the judgments against the county were upon interest coupons detached from bonds which were issued by the county in 1871. A noncompliance with sections 7653 and 7654 requiring levies to be made only on the order of the circuit court of the county or of the judge thereof in vacation, did not invalidate the levies. These sections were enacted long subsequent to the date of the bonds and have no application to levies made to pay bonds issued prior to their enactment. *Seibert v. Lewis*, 122 U. S. 284; *State ex rel v. Railroad, supra; State ex rel Hamilton v. Railroad*, 113 Mo. 297.

V. The conclusion is that for the year 1887, the total levy being for $89,064.89 the commission should have been only two and one-half per cent. on the amount collected, and for the year 1888, the total amount levied

being $75,836.37, the commission should have been three per cent. on the amount collected. The court allowed four per cent. for each year which the statute allowed only when the amount of the levy exceeded $40,000 and was than $60,000.

The contention of defendants is that notwithstanding the collector was allowed more by way of commission than he was entitled to receive, the settlement with the county court had the binding force and conclusiveness of a judgment and can only be attacked by a direct proceeding in equity on the ground of fraud or mistake. We do not think this position sustained by the decisions of this court. These settlements are characterized as "mere accounting between principal and agent;" (*State to use v. Smith*, 65 Mo. 469.) operates as "an ordinary receipt" (60 Mo., 404); "only *prima facie* evidence against securities" (26 Mo. 226); "the court sits in the capacity of auditor of public accounts or as the financial agent of the county," (101 Mo. 63). Hence it is believed to be well settled in this state that these settlements have not the conclusiveness of judgements but may be inquired into and mistakes corrected in like manner as the settlement between individuals acting in their own behalf. *Marion Co. v. Phillips*, 45 Mo. 75; *State v. Roberts*, 62 Mo. 388.

VI. The final inquiry then is whether these settlements, giving them only the force of settlements between individuals, can be avoided on account of an error of law committed by the county court, and the commissions voluntarily paid, or allowed, which comes to the same thing, recovered back. The rule is that a settlement can only be opened for fraud or for errors or mistakes of fact. *Moore v. McCullough*, 8 Mo. 401; *Kronerberger v. Bintz*, 56 Mo. 122; *Quinlan v. Keiser*, 66 Mo. 603.

County courts are, by statute, given full power and authority to make the final settlement with the collectors of their respective counties, which includes the allowance of their commissions, and, after the amount found due on such settlement has been paid to the treasurer, the clerk of such court is empowered to give a discharge and "full quietus" under the seal of the court. Now while these settlements do not have the conclusiveness of judgments, no reason can be seen why they should not be given the force of settlements between private persons. The "full quietus" to which the collector is entitled implies that some verity should be given to the settlements. This seems to have been the view taken by Judge Bliss in the *Marion County case, supra*, which is the leading case in this state. The suit was to correct a mistake in the settlement of a collector with the county court and for judgment for the amount improperly retained. The settlement was pleaded in bar to the suit. The error in that case was one of fact and consisted in inadvertently permitting the delinquent list to be twice credited. In the course of his reasoning, Judge Bliss remarks: "In the case before us there is no mistake of law as by giving the collector larger fees than he was entitled too," and in conclusion said, "any mistake in that settlement clearly proved is open to correction, and in the same manner as though it were made with an individual."

In the case at bar the facts were all before the court and as to them no question seems to have been raised. The error was in the decision of the court as to the amount of the collector's commission. The settlement was approved, the excessive commission allowed, and a full quietus given. No attempt was made on the trial to show fraud or mistake of fact in making or approving the settlement. Indeed defendants offered to take the burden of proving that the amount of com-

mission was fully discussed and that the amount agreed upon was believed to be what was due under the statute.

The supreme court of Indiana denied a county the right to recover back excessive fees which had been allowed a treasurer by the county commissioners, under circumstances very similar to those disclosed in this case. The court held that the money was voluntarily paid, upon a mistake of law, and without fraud or mistake of fact; and in ordinary cases, in transactions between individuals, money thus paid could not be recovered back. The court held further that the commissioners having authority to make the settlement in behalf of the county, it could not be impeached. *Snelson v. State*, 16 Ind. 31. To the same effect is the case of *Supervisors v. Briggs*, 2 Denio 26.

No fraud, collusion, or mistake of fact, having been shown, we think the circuit court correctly held the settlement binding on the county and its judgment is affirmed. All concur, except BARCLAY, J., who is absent.