THE STATE *ex rel.* LAWRENCE COUNTY v. SHIPMAN *et al.*, *Appellants.*

Division Two, December 18, 1894.

1. **County Court:** SETTLEMENT WITH COLLECTOR.   In the absence of fraud, collusion or mistake of fact, a settlement made by the collector with the county court is binding on the county.

2. ———: ———: COMMISSIONS: MISTAKE OF LAW.   An error by the. county court, as to the amount of the collector's commissions, is a mistake of law for which a settlement with the latter can not be avoided, nor any excess paid him be recovered of him and the sureties on his bond.

*Appeal from   Lawrence   Circuit   Court.*—HON. M. G. McGREGOR, Judge.

REVERSED AND REMANDED.

*R. H. Landrum, Gibbs & Jennings* and *Henry Brumback* for appellants.

The settlement was binding on the county court. "Now, while these settlements do not have the conclusiveness of judgments, no reason can be seen why they should not be given the force of settlements between private persons.   * * *   The error was in the decision of the county court as to the amount of the collector's commission.   The settlement was approved, the excessive commission allowed, and a full quietus given. Indeed, defendants offered to take the burden of proving that the amount of commission was fully discussed and  that the amount agreed upon was believed to be

what was due under the statute.   *   *   *   No fraud, collusion or mistake of fact having been shown, we think that the circuit court correctly held the settlement binding on the county and its judgment is affirmed." *State ex rel. v. Ewing,* 116 Mo. 129, and cases cited. In *Supervisors v. Birdsall,* 4 Wendell, 453, also, the principles involved are thoroughly discussed.

*W. Cloud* and *R. H. Davis* for respondent.

(1) The settlement with the defendant Shipman was simply a computation of the amount due him and in determining the gross amount due there were two prominent facts to be first ascertained, viz.: *First.* The amount of the whole taxes extended on the tax book. *Second.* The amount collected. When the first fact was ascertained, the law fixed the rate per cent. and any mistake in ascertaining the whole amount of taxes extended on the tax book was a mistake of fact and not of law. (2) In ascertaining the whole amount of taxes extended on the tax book, the court had no power to deduct from the total amount of taxes so extended, any tax which was in dispute as to its legality. (3) Any quietus given to defendant on settlement was not a judgment and there was no consideration to support the overcharge. For the above reasons we think the judgment should be affirmed.

GANTT, P. J.—An action was brought against the defendant and his sureties on his bond as collector of the revenue of Lawrence county. There were two counts in the petition, the first charging him with retaining a larger commission on his collections for the year 1887 than allowed him by law, and the second with retaining greater commissions on his collections for 1888 than allowed by law.

The finding and judgment on the first count was for defendants, and the county did not appeal. On the second count, the court sitting as a jury found for the plaintiff and gave judgment against the defendant Shipman and his sureties for $456.25. On the trial it appeared that the collector at the March term, 1889, made his final settlement with the county court and fully reported all the taxes chargeable against and collected by him for the year 1888.

This settlement shows that he was allowed a commission of four per cent. on his collections. It was admitted that the total amount of the taxes extended for 1888 was $66,566.07; that the total sum collected, except for state revenue, was $45,677.74, and the state revenue amounted to $7,320.31.

By the statute, section 7640, Revised Statutes, 1889, it is perfectly clear defendant was entitled to a commission of only three per cent. on the amounts levied and not four per cent. as he was allowed.

But the settlement was made with the court with the full knowledge, on its part, of all the facts. The facts are not now disputed and there is no charge of fraud or collusion made. The county court simply made an error of law. The error was in allowing a commission of four per cent. on a tax book amounting to $66,566.07 when the statute allowed only three per cent.

The trial court declared the law to be that, although the court settled with defendant and allowed him four per cent. commission, yet, if it appeared that the taxes extended for 1888 exceeded $60,000 and were less than $80,000 he was only entitled to retain three per cent. as commissions and the settlement was no bar, and refused the converse of this proposition, asked by defendant.

This question has been recently decided by division number one of this court in *State ex rel. v. Ewing,*

116 Mo. 129, in which it was held that, in the absence of fraud, collusion or mistake of fact, the settlement made by a collector with the county court was binding on the county.

We have considered the argument of counsel for the county, calling in question that decision, but we are satisfied that it announces correct principles, and approve it.

As the court erred in its declaration of law for the plaintiff, the judgment is reversed and the cause remanded. All of this division concur.