HETHCOCK v. CRAWFORD COUNTY, Appellant.

Division One, December 22, 1906.

1. **APPELLATE JURISDICTION: County a Party.** In cases in which a county is a party the appeal is to the Supreme Court.

2. **COUNTY COLLECTOR: Back Taxes: Commissions: Paid to County by Mistake.** A county collector who makes final settlements with the county court, in which he retains only four per cent as his commissions on back taxes collected, cannot, after his term has expired and he has discovered by a decision of the Supreme Court that he was entitled to retain five per cent more, recover the five per cent in a suit against the county. His voluntary act in paying in the five per cent was a mistake of law as to what he was legally entitled to retain, and hence he cannot recover.

3. ———: ———: ———: **Allowable by Court.** The county court does not allow the county collector his commissions for collect-

ing taxes. He is allowed by law, in counties of designated size, to retain five per cent on the amount collected, and in addition four per cent on back taxes collected, by way of penalty, to be taxed as costs. The court's duty is to require him to make settlements and to see that he does not retain anything more than the commissions which the law allows him to retain. If he voluntarily pays those commissions into the treasury, without solicitation, misrepresentation, duress, fraud or undue influence, he cannot recover them by a suit against the county.

4. ———: ———: ———: ———: **Finding by Trial Court: No Evidence.** A finding by the trial court that plaintiff by mistake of fact paid into the county treasury certain commissions he was by law entitled to retain, will be binding on the appellate court on appeal, if supported by evidence; but otherwise, it will not. And in this case there was no such evidence that the mistake was one of fact.

Appeal from Crawford Circuit Court.—*Hon. L. B. Woodside,* Judge.

REVERSED AND REMANDED (*with directions*).

*Frank H. Farris* for appellant.

*A. H. Harrison* for respondent.

LAMM, J.—Plaintiff was collector of Crawford county, gathering taxes from March, 1899, until March, 1901, and during that time collected certain back and delinquent taxes due the county revenue and road funds.

His term expiring, afterwards, to-wit, on December 19, 1902, he presented a written statement of account to the county court of Crawford county, claiming thereby that the county was indebted to him for five per cent commission on said back taxes, which commission he alleged he had paid over through a "mistake of fact," and which he demanded paid back.

His claim being disallowed, he appealed to the circuit court. Thereat on trial, without a jury, he had judgment in the sum of $312.22. Thereat the county,

in turn, appealed—the case coming here by virtue of the constitutional provision giving this court jurisdiction in cases in which a county is a party.

The facts lie in small compass, *viz.*: Plaintiff seems to have made his settlements with the county court from time to time under sections 9236, 9247, 9248 and 9255, Revised Statutes 1899, and finally received his "full *quietus*" under section 9288. In such settlements and statements he deducted his commission for collecting current taxes and paid over said taxes, less his commission. In collecting back taxes, he required the taxpayer to pay the four per cent penalty provided by Revised Statutes 1899, section 9309, and he retained the same; but in said statements and settlements he reported the full amount of such back taxes; and, in paying them over, he did not deduct the five per cent commission allowed him under the ruling of Division Two of this court in State *ex rel.* v. Hawkins, 169 Mo. 615, construing Revised Statutes 1899, section 9260. In no statement or settlement so made by him as revenue collector does there appear aught referring to commission on back taxes.

After identifying his statements, settlements, etc., for the purpose of their being put in evidence, they were put in and show the amounts of back taxes collected; and also show he deducted nothing for commission thereon. Following that, plaintiff testified he had never been paid (repaid?) the five per cent commission allowed by law for back taxes collected by him during his official term. He further testified that during his term he had presented the matter in no other shape to the court, except as shown by his settlements; and that in his final settlement, when he received his own and his sureties' discharge (the *quietus* spoken of in R. S. 1899, sec. 9288), he made no such claim. On being inquired of if he had knowledge that he was entitled to any more, he replied, "I thought I was entitled to

them." He further testified, as we understand it, that he did not carry these commissions into any of his books.

The foregoing is plaintiff's case on the facts—defendant putting in no proof.

The giving and refusing of the following instructions will show the theory of the trial court to be that his mistake was one of fact.

Instruction number 1 asked by defendant, and refused (defendant excepting), was as follows: "The court finds that the failure of the plaintiff to make a claim for his commission sued for, in his statement with the county while he was collector, was because he did not know or believe that, under the law, he was entitled to such commission, and that therefore such mistake was a mistake of law, and not of fact, and he is not entitled to recover."

Instruction number 1 given on the court's own motion for plaintiff (defendant objecting and excepting), was as follows: "The court declares the law to be that if the collector of Crawford county made a report of the collection of back taxes made by him to the county court, and made no claim for commission, and the matter of commission was not considered, by the court in any way, then the said facts will not constitute a bar of plaintiff's claim for such commission."

The defendant county seeks to reverse the judgment for the following reasons:

(a) In that the mistake of Hethcock was a mistake of law and not of fact.

(b) In that the county court of Crawford county had no jurisdiction of the case; and, *ergo,* the circuit court acquired none.

(c) In that the final settlement of Hethcock as collector is such settlement as may only be reopened, surcharged and falsified in equity on a charge of fraud, mistake, etc.

In the view we take of this case, the first assignment of error is good, hence it matters not whether the two last are good or bad.

That the mistake of Hethcock was a typical mistake of law, unmixed with a mistake of fact, single to him or mutual to both, would seem to be the only allowable conclusion that should be predicated of this record. This, we think, is so, because:

Section 9260, Revised Statutes 1899, relates to the commissions a collector may retain. The case at bar proceeds on the assumption that Crawford county comes within clause "V" of that section, and that the collector of such county is entitled to "a commission of five per cent on the amount collected." The opening paragraph of that section reads thus: "The collector shall receive as full compensation for his services in collecting the revenue, except back taxes, the following commissions and no more." Construing that section with section 9309, relating to fees and compensation in collecting back taxes, wherein the collector is allowed "four per cent on all sums collected . . . to be taxed as costs and collected from the party redeeming," Division Two held in State ex rel. v. Hawkins, *supra*, that a collector is entitled to retain, first, the four per cent paid by the taxpayer as a penalty; and, second, the five per cent referred to in the opening paragraph of section 9260, to be taken by him out of the amount of back taxes collected. That opinion was handed down October 22, 1902. It will be seen that presently after that construction was placed on the collector's right to commissions by this court, plaintiff for the first time took notice of, or asserted any claim to, the commission in controversy. Such belated action does not conclusively show that plaintiff had theretofore been ignorant of the law and did not move because of being in the dark, but it tends in that direction, and, taken in connection with other matters now

to pass under review, would seem to set the matter at
rest.  Thus, if we look to other provisions of the stat-
utes it will appear that plaintiff's duty was to report
his tax collections and to retain his five per cent com-
missions—the language of the statute being (sec. 9255)
that the collector ''shall, on or before the fifth day of
each month, file with the county clerk a detailed state-
ment, verified by affidavit, of all  .  .  .  county  .  .  .
road and municipal taxes  .  .  .  by him collected dur-
ing the preceding month, and shall, on or before the
fifteenth day of the month, pay the same, *less his com-
missions,* into the state and county treasuries, respec-
tively  .  .  .''

   In addition to the precise provisions of the last-
quoted section, there are cognate sections providing for
settlements; and the manifest theory of the statutes is
that the collector report his commissions in his settle-
ments, and that it is his privilege and duty to keep back
the commissions allowed by the law on tax collections
and not the county court's duty to see that he does.
The county court does not prepare his settlements, nor
does it furnish the data therefor.  The county court
does not allow his commissions; it has no lot or part
in that; the law allows them on settlements and state-
ments made by him—the court being merely the repre-
sentative or fiscal agent of the county, charged with the
duty to see to it that the public is protected.  Here, then,
we have a collector, who for two years steadily, and at
every step, claimed and retained his commissions on
current licenses and taxes, who retained the four per
cent penalty paid by the taxpayer in redeeming his land
from back taxes, whose mind was alert and directed to
the fees and emoluments of his place, and, yet, during
that whole time, he made no claim for five per cent
commission on back taxes.  Certainly, no sour pre-
sumption can be indulged against an officer.  The law
presumes an officer does his duty.  His duty in this

case, under the law, was to keep back his commission on back taxes. We may assume, furthermore, that officers as a rule are prone to pardonable diligence in seeking out and retaining the fees pertaining to their office.

In view of the foregoing we think there can be but one fair conclusion drawn, namely, that until this court in the Hawkins case lit a candle of interpretation for plaintiff, he did not see such commissions and did not know he was entitled to them by law. Otherwise, plaintiff's acts are incomprehensible.

Plaintiff's learned counsel argues the mistake was one of fact. He argues, moreover, that the trial court found it was a mistake of fact and that we are bound by that finding. If there was evidence sustaining that finding, plaintiff's contentions are sound. But we find no such evidence. What facts did plaintiff mistake? Plaintiff's learned counsel puts his finger on none. Did he keep an account of these commissions and by inadvertence fail to transcribe them into his statements or settlements? No. Did he charge these commissions in some settlements and omit them, by slip, out of others. No. Did some clerk or deputy make these statements and settlements and neglect a duty assigned to him by plaintiff to put such commissions into his settlements? No. What mistake of fact, then, did plaintiff make? None that we can see. To the contrary, his mistake was of law, pure and simple; and ignorance of the law excuses no man.

The question, then, comes to this? Having without duress, misrepresentation, or any form of imposition or fraud on the part of defendant's agent, the county court, voluntarily paid this money into the county treasury on the theory it was tax money and belonged to the county treasury—that he had but rendered unto Caesar the things that were Caesar's—can he recover it back, or must he abide the event? Courts

have been extremely lenient in seeing a mistake of fact, as distinguished from a mistake of law, but plaintiff has produced no case on all-fours with this one. To the contrary, there is a live line of controlling decisions holding that under such a record, the mistake is not of fact but of law, and that money so paid voluntarily cannot be recovered back. [Claflin v. McDonough, 33 Mo. 412, and cases cited; Mathews v. Kansas City, 80 Mo. 231, and cases cited; Needles v. Burk, 81 Mo. 569; Price v. Estill, 87 Mo. 378; Norton v. Highleyman, 88 Mo. 623; State ex rel. Scotland County v. Ewing, 116 Mo. 129, and cases cited; State ex rel. v. Shipman, 125 Mo. 436; Corbin v. Adair County, 171 Mo. 385; Campbell v. Clark, 44 Mo. App. 249; State ex rel. v. Stonestreet, 92 Mo. App. 214.]

If we look to the natural justice of the thing, the same conclusion should be reached. For instance, the money paid by plaintiff into the county treasury, pertaining to the road fund, presumably, has long since been spent for such purposes; the money he paid into the county treasury, belonging to the county revenue, presumably, has long since been used for the purposes prescribed by the law—that is, this tax money has been paid out and put into circulation and thus gone about doing good. There is no pretense the funds or any part of them are intact in the county treasury, and no presumption of law to that effect. The Constitution and statutes of Missouri contemplate that counties should be run on a cash basis, that the tax levies should be made with an eye to the condition of the county treasury and current demands of the county's business, and plaintiff may not disturb the county treasury of Crawford county unless he is warranted in so doing by the strict law.

The conclusion we have reached is based on the concession to plaintiff that this suit, in its nature, is for money had and received, and, hence, must be gov-

200 Sup.—12

erned by both legal and equitable principles. But we find no case in assumpsit for money had and received that entitles plaintiff to recover under the conditions existing here. For example, in Norton v. Bohart, 105 Mo. 615, an action for money had and received, the money was paid under the mutual mistake of both parties, and that, a mistake of fact. So, in Wood v. Kansas City, 162 Mo. 303—an action for money had and received. In that case it should be noted that the notary fees sued for by Wood were collected by Kansas City and retained by it from Wood under a void ordinance, and Wood never had the fees. The city kept them with a strong hand, illegally, and the doctrine was applied that "the obligation to do justice rests upon all persons, natural and artificial, and if a municipality obtains the money or property of others without authority, the law, independent of any statute, will compel restitution or compensation." This general proposition is the golden rule lying at the root of the action for money had and received. [Clifford Banking Co. v. Donovan Commission Co., 195 Mo. l. c. 288, *et seq.*] But that principle has nothing to do with the case at bar. Here plaintiff had the money. He (misjudging the law) voluntarily parted with it without solicitation, misrepresentation, duress, fraud or undue influence, and, as he made his bed, so he must lie.

The judgment is reversed and the cause remanded with directions to the lower court to render judgment for the defendant.

All concur.