STATE OF MISSOURI at the Relation and to the Use of L. D. THOMPSON, State Auditor, Appellant, v. SAMUEL M. SANDERSON, AMERICAN SURETY COMPANY OF NEW YORK, a Corporation, and FIDELITY & DEPOSIT COMPANY OF MARYLAND, a Corporation.

STATE OF MISSOURI at the Relation and to the Use of PIKE COUNTY, Appellant, v. SAMUEL M. SANDERSON, AMERICAN SURETY COMPANY OF NEW YORK, a Corporation, and FIDELITY & DEPOSIT COMPANY OF MARYLAND, a Corporation.—77 S. W. (2d) 94.

Division Two, December 1, 1934.

*Roy McKittrick*, Attorney General, *Franklin E. Reagan*, Assistant Attorney General, *Davis Benning* and *May & May* for appellants.

*J. H. Haley* for Samuel M. Sanderson; *Robert L. Motley* and *Bryan, Williams, Cave & McPheeters* for American Surety Company of New York and Fidelity & Deposit Company of Maryland.

WESTHUES, C.—The State of Missouri and County of Pike brought separate suits against respondents, Sanderson, as Collector of the Revenue of Pike County, The American Surety Company of New York and the Fidelity & Deposit Company of Maryland, as

sureties on the collector's official bond, to recover amounts alleged to be due the State and county from the collector.

It was stipulated that the cases should be tried together. A referee was appointed in the circuit court and after a hearing the referee made a report wherein he recommended that judgment should be entered in favor of the State and county for certain sums found to be due together with a ten per cent penalty per month computed from the date the sums should have been paid by the collector. Sanderson and his sureties filed exceptions to the report and upon a hearing before the circuit court the referee's report was approved, in so far as it recommended judgments for the amounts not paid, and judgment was entered accordingly. The circuit court disapproved that part of the referee's report recommending an assessment of a penalty of ten per cent per month of the amount found to be due. From this judgment the State and county appealed.

Sanderson's term of office began March 7, 1927, and ended February 28, 1931. The county filed its suit on August 1, 1931. A plea of the Statute of Limitations was sustained as to all shortages owing the county occurring prior to August 1, 1928. The State filed its suit on July 1, 1931, and hence the plea of the statute was sustained as to all shortages owing the State occurring prior to July 1, 1928. The total amounts for which the referee recommended judgment against respondents were as follows:

For the State:

| | | | |
|---|---|---|---|
| Amount due March 15, 1929 for year 1928 | $ 42.39 | | |
| Penalty of 10% per month | 203.03 | | |
| Total | $ 245.42 | $245.42 | |
| Amount due March 15, 1930 | $ 50.79 | | |
| Penalty of 10% per month | 182.52 | | |
| Total | $ 233.31 | 233.31 | |
| Total due state | | $ 478.73 | |

For the county:

| | | | |
|---|---|---|---|
| Amount due March 15, 1929 | $ 121.65 | | |
| Penalty of 10% per month | 583.68 | | |
| Total | $ 705.33 | $ 705.33 | |
| Amount due March 15, 1930 | $ 908.30 | | |
| Penalty of 10% per month | 3269.88 | | |
| Total | $4178.18 | 4178.18 | |
| Total due county | | $4883.51 | |

The trial court entered a judgment for the State in the sum of $93.18, and for the county in the sum of $1,029.95, both judgments to bear interest at six per cent.

The sole and only dispute on this appeal is over the penalty of ten per cent per month which the referee recommended and which counsel for the State and county contends the trial court should have assessed and entered judgment against Sanderson and his sureties under and by virtue of Sections 9933 and 9934, Revised Statutes 1929 (12 Mo. Stat. Ann., p. 7974).

Reference to sections of .the statute hereafter will be made by numbers only, which will refer, unless otherwise specified, to sections of Revised Statutes 1929, and will be found in 12 Missouri Annotated Statutes, beginning at page 7969.

Respondents contend that Sections 9933 and 9934 were first enacted by the Legislature in the year 1871; that Sections 9927 and 9928 were passed by the Legislature in the year 1877, and prescribed a different penalty and, therefore, respondents contend the provisions of the prior sections, which provided for a penalty, were .impliedly repealed. The view we take of the case renders it unnecessary to decide that question. It is our opinion that Sections 9933 and 9934 have no application to the cases before us. We will try to demonstrate this in as short a space as possible.

It was not contended, by the State and county, that the collector had not paid over all sums due, as disclosed by monthly statements made as provided in Section 9927, nor as shown by the yearly settlements which are required to be made by the collector as provided for in Section 9918. Nor was it contended that the collector either fraudulently or intentionally withheld any funds not belonging to him.. The shortage was disclosed through an audit of the collector's books, made by the State Auditor's Department. The referee found, as a fact, that the shortage was entirely due to poor bookkeeping. Note the finding of the referee:

"The defendant was not an capable accountant. The system of bookkeeping in the Collector's office was very unsatisfactory and without any dependable plan of checks and balances, and left abundant opportunity for the making of errors. It is quite probable that this system of bookkeeping could not have been successfully and accurately employed by even an.expert bookkeeper. . . .

"The Referee has found nothing in the evidence which would justify the slightest suspicion that the Collector, Mr. Sanderson, intentionally withheld any money belonging to the State. It is apparent that he was .convinced that he had accounted to the State for every dollar belonging to it. Undoubtedly the whole trouble found its origin in the method of keeping accounts."

Sanderson and his office force also made an audit and maintained at the hearing before the referee that both the State and the county

had been overpaid. Section 9933, relied upon by the State and county as authority for imposing a penalty, reads as follows:

"Every collector who shall fail to make payment of the amount due from him on settlement, or in the time and manner prescribed by law, shall forfeit ten per cent a month on the amount wrongfully withheld, to be computed from the time the amount ought to have been paid until actual payment. This section shall apply to all revenue collections made by him, whether for state, county, city, town, district or school taxes, general or special."

It will be noted that the section quoted refers to a failure of the collector to pay the amount due from him on settlement. What is meant by settlement can be easily understood when Sections 9918 to 9922, inclusive, are read. In brief these sections provide that the collector shall make an annual settlement with the county court. The county court is required, before approving a settlement, to make special inquiry and be fully satisfied that the collector has used due diligence in making collections. It is also required to fully examine the settlement offered by the collector before approving same. If the settlement be approved the law requires it to be made a matter of record and a copy thereof certified to the State Auditor. The collector is also required, under Section 9927, to make monthly reports to the county court of all collections made and to pay the amounts due the State and county on or before the fifteenth of each month. It will be noted that the county clerk is required to forward a certified copy of these reports to the State Auditor.

The annual settlement, which is required to be made, is recognized by law as something more than a mere report of the collector of the amounts collected and taxes remaining delinquent. It partakes of the nature of a settlement of the collector's accounts with the county and State. The county court has been designated by the Legislature as the agency to represent State and county. It was held in State ex rel. v. Shipman, 125 Mo. 436, 28 S. W. 842, and State ex rel. v. Ewing, 116 Mo. 129, 22 S. W. 476, that in the absence of fraud, collusion or mistake of fact, settlements made by a county collector were binding on the county. It was held that excessive commissions paid to the collector in those cases could not be recovered because they were paid under a mistake of law. On the same theory a collector was denied redress where he had been paid a less commission than permitted by law. [Hethcock v. Crawford County, 200 Mo. 170, 98 S. W. 582.]

The record in this case is silent on the question, but we may presume that the county court of Pike County performed its statutory duty and fully examined the settlements offered by the collector before approving them. We may infer from the record that Sanderson paid in full all amounts due as shown by those settlements. If this were a case where the collector failed to pay the full amount

shown to be due from him by monthly reports or annual settlements, or if this were a case where the collector had intentionally filed false returns and settlements and withheld funds belonging to the State and county a statutory penalty could be rightly imposed.

█ It is, however, a cardinal rule of law that penal statutes must be strictly construed. This of course is a penal statute. It would require a most liberal construction of the statute to impose the penalty sought in this case upon a collector, under the circumstances as shown by the record. It was held in Hethcock v. Crawford County, supra, that the county court in making settlements with the collector was the fiscal agent of the county, charged with the duty to see to it that the public was protected. Note also the language of Section 9932, which immediately precedes the section prescribing the penalty asked to be imposed in this case.

"Every collector of the revenue having made settlement, according to law, of county revenue by him collected or received, shall pay the amount found due into the county treasury, and the treasurer shall give him duplicate receipts therefor, one of which shall be filed in the office of the clerk of the county court, who shall grant him full quietus under the seal of the court."

In State of Missouri ex rel. Brewer v. Federal Lead Co., 265 Fed. 305, l. c. 311, it was held that a county court had, by approving a settlement of a collector, ratified the action of the collector of reducing an assessment and accepting a less sum for taxes than the amount shown by the tax books.

Under the authorities cited and the statute, we hold that in this case the only theory upon which the collector could be held liable is that due to a mistake of fact and not of law the collector failed to pay the county and the State all sums due them. No section of the revenue act imposes a penalty upon a collector for an honest mistake of this kind. The wording of Section 9933 clearly indicates that the penalty therein prescribed cannot be imposed in this case.

The judgment of the trial court is, therefore, affirmed. *Cooley, C.,* concurs.

PER .CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.