Sudie ENGLEMAN, Plaintiff-Appellant,

v.

CITY OF DEARBORN, Missouri, et al., Defendants-Respondents.

Sudie ENGLEMAN, Plaintiff-Appellant,

v.

PLATTE COUNTY, Missouri, et al., Defendants-Respondents.

Nos. KCD 27681, KCD 27682.

Missouri Court of Appeals, Kansas City District.

Nov. 29, 1976.

James W. Farley, Farley, for plaintiff-appellant.

Aaron A. Wilson, City Atty., John E. Ingraham, Robert D. Munro, Asst. City Attys., Kansas City, for respondent Kansas City.

Deacy & Deacy, Kansas City, for defendants-respondents.

Before DIXON, P. J., PRITCHARD, C. J., and WASSERSTROM, J.

DIXON, Presiding Judge.

Plaintiff is the administratrix of the Estate of Robert E. Engleman who was the collector of Platte County, Missouri between the years of 1963 and 1971. Plaintiff brought suits against various political subdivisions to recover excess commissions which plaintiff's decedent failed to retain and to which plaintiff claims he was entitled under Section 52.260(15) RSMo 1969. The appeals have been consolidated here.

Specifically, the petitions alleged that Robert E. Engleman was the collector of Platte County for a term beginning in March of 1963 and ending in March of 1967, during which he was entitled to retain a commission pursuant to Section 52.260(14) RSMo 1959, as amended (Section 52.260(14) RSMo 1969); that Platte County came under Subsection 15 of Section 52.260 in 1968; and that Robert E. Engleman was re-elected county collector in 1967 for a term ending in March of 1971. The petitions further alleged that settlements filed with defendants during Robert E. Engleman's second term were erroneously filed under Subsection 14 of Section 52.260 for the years 1968, 1969 and 1970, resulting in the overpayments by plaintiff's decedent to various subdivisions of government.

Judgment was entered for plaintiff against the cities of Dearborn and Weatherby Lake pursuant to offers of judgment. The remaining defendants moved for a dismissal of plaintiff's petitions alleging only a failure to state a cause of action. These motions were summarily sustained by the trial court. Plaintiff's motion to set aside the trial court's order sustaining defendants' motions to dismiss and for a rehearing were overruled. Plaintiff appeals from the evident determination of the trial court that plaintiff was not entitled to recover as a matter of law.

The scope of review which is incumbent upon this court in an appeal of this nature is well settled. "In determining if a petition states a claim upon which relief may be granted, the averments of the petition are to be given a liberal construction, and they should be accorded their reasonable and fair intendment . . . So considered, a petition should be held sufficient if its factual averments invoke substantive principles of law which entitle the plaintiff to relief." *Dallas v. City of St. Louis,* 338 S.W.2d 39, 41 (Mo.1960). "Under modern pleading principles, a petition is not to be dismissed

for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his claim which would entitle it to relief." *Laclede Gas Co. v. Hampton Speedway Co.,* 520 S.W.2d 625, 630 (Mo. App.1975). If a petition states a cause of action upon any theory, it will withstand a motion to dismiss.

The record does not reveal the ground for the trial court's order of dismissal. The parties have briefed and argued the case centering on the issues of whether the petitions plead a mistake of law or fact and the liability under either theory.

■ Defendants insist that under either a mistake of law or of fact the plaintiff's petitions do not state a cause of action. As noted, if a recovery can be had upon either theory, the petitions should not have been dismissed. The issue of the evidence admissible under these pleadings is not reached or decided. The allegation of the petitions that "said settlements were filed in said bracket 14 erroneously for the years 1968, 1969 and 1970 . . ." can be reasonably construed as alleging a mistake of law inducing such action. If plaintiff could maintain an action for a mistake of law, the motion should not have been sustained.

Defendants argue the general rule that a party may not recover when payment has been made under a mistake of law, while plaintiff claims the general rule does not apply to payments made between public officials.

Defendants rely principally upon the case of *Hethcock v. Crawford County,* 200 Mo. 170, 98 S.W. 582 (1906) in which the collector of Crawford County failed to retain a 5% commission in his settlements with the county. The court held that the mistake was one of law which precluded recovery, "[T]he mistake is not of fact, but of law, and . . . money so paid voluntarily cannot be recovered back." l.c. 584. While this decision has never been expressly overruled, its continued vitality is in doubt in view of subsequent determinations by Missouri courts.

In *Lamar Township v. City of Lamar,* 261 Mo. 171, 169 S.W. 12 (1914), the Supreme Court adopted the exception which plaintiff relies upon. In that case, the Township of Lamar sought to recover road and bridge funds paid to the City of Lamar under a mistake of law. The court, after discussing the various rationales for the rule that equity will not relieve a mistake of law, determined that the rule has no logical application in the case of dealings between public officers dealing with the public's money. See also *State ex rel. Barker v. Scott,* 270 Mo. 146, 192 S.W. 90 (1917); *Consolidated School District No. 2 of Pike County v. Cooper,* 28 S.W.2d 384 (Mo.App.1930), certiorari quashed *State ex rel. Consolidated School Dist. No. 2 of Pike County v. Haid,* 328 Mo. 739, 41 S.W.2d 806 (1931); *Nodaway County v. Kidder,* 344 Mo. 795, 129 S.W.2d 857 (1939).

The holding in *Lamar* was recently reaffirmed in *State v. Ludwig,* 322 S.W.2d 841 (Mo.banc 1959), in a reverse factual setting from the instant case. In *Ludwig,* the state brought suit to recover fees and commissions retained by the ex-officio collector of Carroll County in excess of those allowed by law. Defendant argued that in accepting his final settlements the state was estopped from asserting its claim.

The court in *Ludwig* noted *Hethcock* and the cases upon which it relied, *State ex rel. Scotland County v. Ewing,* 116 Mo. 129, 22 S.W. 476 (1893); *State, to Use of Lawrence County v. Shipman,* 125 Mo. 436, 28 S.W. 842 (1894); and *State ex rel. Shannon County v. Hawkins,* 169 Mo. 615, 70 S.W. 119 (1902). In discussing these cases, the *Ludwig* court reasoned:

"But in all of the cases upon which the respondent relies there were two factors which the court said were determinative; one was the fact *that the county courts acted judicially in approving* the settlements and the other was 'that the money was voluntarily paid, upon a mistake of law, and without fraud or mistake of fact; and (as) in ordinary cases, in transactions between individuals, money thus

paid could not be recovered back.' " (l.c. 850)

Then the *Ludwig* court cited the *Lamar* case and quoted with approval from that opinion as follows:

" 'The shadowy reason behind the holdings in these cases smacked of the doctrine of res adjudicata, and accord and satisfaction.' " (l.c. 850–851)

*Ludwig* noted that since the 1945 Constitution settlements with county courts do not have the force they once had and further that county courts do not now act judicially in accepting and approving collectors' reports. *Ludwig* then held that recovery could be had against the collector despite the settlement.

Defendants' reliance on *Hethcock* for a rule of law that settlements between collectors and county courts are final and binding is misplaced, *Ludwig* having abrogated the holding of *Hethcook* and the earlier cases on which it relied. Defendant Kansas City makes some point that *Hethcock* was not cited in *Lamar*, but the *Ludwig* court clearly considered it in reaching its result.

■ Plaintiff argues that since the state was allowed to recover excess commissions retained under a mistake of law in *Ludwig*, then justice requires that a recovery for overpayments by a collector as in the instant case also be allowed. Defendants urge that *Hethcock* is controlling and that the principles in *Ludwig* do not apply to a voluntary failure to retain sufficient commissions. Both parties omit reference to an important line of cases beginning with *State ex rel. Moss v. Hamilton*, 303 Mo. 302, 260 S.W. 466 (banc 1924), which shed considerable light on the issue of the converse of the rule in *Ludwig*. In *Hamilton*, the former clerk of the circuit court of Crawford County brought a proceeding in mandamus to recover salary allegedly still owing. Under the facts, the clerk's salary was determined according to a formula based upon the vote in presidential elections. The clerk was paid when he filed an account with the county court and the court, apparently without question, would pay the amount stated. During the years 1921 and 1922, the clerk used the population figures from the 1916 presidential election to ascertain his salary, rather than those from the 1920 election which were higher. A mistake of law was relied on as a defense. In conceding that the mistake might have been one of law, the court found that such would not preclude recovery because the transaction was one between public officials as to public funds, citing *Lamar Township v. City of Lamar, supra*. "If the law will compel the restitution of public funds paid over under a pure mistake of law, the converse should also be true, i.e., that if such funds have been retained through a mistake of law, the right to their payment should not be denied." *State ex rel. Moss v. Hamilton, supra* at 470. See also, *State ex rel. Jarvis v. Dearing*, 274 S.W. 477 (Mo.App. 1925); *State ex rel. Chaney v. Grinstead*, 314 Mo. 55, 282 S.W. 715 (banc 1926); *Gill v. Buchanan County*, 346 Mo. 599, 142 S.W.2d 665 (1940).

■ In view of the doubtful vitality of *Hethcock v. Crawford County* and the holding of *State ex rel. Moss v. Hamilton*, and viewing the pleadings most favorably for plaintiff, it cannot be said that plaintiff is not entitled to recover as a matter of law. The trial court, therefore, erred in dismissing the petitions. What has been said concerning the pleadings is not a determination of the plaintiff's right to recover; that must await the proof. Appellate courts should be reluctant to construe the law on the basis of the suppositions of the pleadings alone. *Ingalls v. Neufeld*, 487 S.W.2d 52 (Mo.App.1972). An appellate court " 'is neither a law school nor a debating society,' " and must avoid the theoretical statements of law upon a statement of facts which might never be developed. *Ingalls v. Neufeld, supra; Kersey v. Harbin*, 531 S.W.2d 76, 82 (Mo.App.1975).

Defendants' contention that the appeal is untimely is without merit.

The judgment of dismissal is set aside; the cause is reversed and remanded with directions to reinstate the petitions.

All concur.