Gary WELSH and Mark Welsh, Respondents,

v.

DEAN WITTER REYNOLDS ORGANIZATION, INC. and Thomas W. Carpenter, Appellants.

STATE of Missouri ex rel. DEAN WITTER REYNOLDS, INC. and Thomas W. Carpenter, Relators,

v.

Honorable William J. PETERS, Judge, Division Sixteen, Sixteenth Judicial Circuit, Respondent.

Nos. WD34266, WD34302.

Missouri Court of Appeals, Western District.

June 21, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Aug. 30, 1983.

Reggie C. Giffin, William G. Beck, Field, Gentry, Benjamin & Robertson, Kansas City, for appellants/relators.

Alvin D. Shapiro, Kansas City, for respondents/respondent.

Before NUGENT, P.J., and SHANGLER and DIXON, JJ.

DIXON, Judge.

These consolidated cases involve the defendants' appeal from a trial court ruling denying defendants' motion for compulsory arbitration under § 435.350 RSMo 1980, and consideration of the propriety of our issuance of the preliminary writ of prohibition prohibiting the trial court's order to defendants to provide discovery. The trial court's order denying arbitration is affirmed and the preliminary writ as modified is made absolute.

Shorn of the irrelevancies engrafted on the issue by the defendant the action of the trial court in denying arbitration is a simple one. If the plaintiffs' petition states a cause of action under the Securities Act of 1933, 15 U.S.C. Ch. 2A, the doctrine of *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168, (1953), prohibits arbitration.

15 U.S.C. § 77v vests jurisdiction over litigation involving the Securities Act of 1933 in both the federal and state courts. 15 U.S.C. § 77*l* creates a private cause of action for the violation of the provisions of that section. For the purpose of this case the relevant portion of that statute reads:

§ 77*l*.

Any person who—

. . . .

(2) offers or sells a security ... by means of a prospectus or oral communication, which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading. . . .

shall be liable to the person purchasing such security from him, who may sue either at law or in equity in any court of competent jurisdiction, to recover the consideration paid for such security with interest thereon, less the amount of any income received thereon, upon the tender of such security, or for damages if he no longer owns the security.

The portion of the quoted language concerning the omission of material facts has been construed to include the failure to advise a purchaser of the "position" of the broker in the securities offered or sold. *Chasins v. Smith, Barney & Co.*, 438 F.2d 1167 (2d Cir.1970). There is no necessity for extensive analysis and construction of the statutes on the basis of the allegations of the petition. Attempts at such construction and analysis are only theoretical exercises until the facts are fully developed. *Engleman v. City of Dearborn*, 544 S.W.2d 265, 268 (Mo.App.1976). The test of pleadings in the posture of this or any other case in which inquiry focuses upon the cause of action stated is to determine if the pleadings, liberally construed and given reasonable intendment, invoke principles of substantive law entitling the pleader to relief. *Crain v. Mo. State Employees Retirement System*, 613 S.W.2d 912 (Mo.App.1981).

The petition in this case pleads that the defendant sold or offered to sell securities of Storage Technology, Inc., in violation of federal law. The petition further pleads the Securities Act of 1933, 15 U.S.C. Ch. 2A, and asserts among the violations of that act that the laws and regulations were violated in connection with the information to be imparted to customers concerning the position of the broker in connection with a particular stock. This sufficiently pleads a cause of action under

15 U.S.C. § 77*l* to withstand a motion to dismiss. The petition stated a cause of action under the Securities Act of 1933, the doctrine of *Wilko v. Swan* applies, and the trial court properly denied the motion for arbitration.

When the nature of the plaintiffs' cause of action is understood, the resolution of the issues posed by the writ of prohibition are likewise easily resolved. Our writ issued on the petition for writ, which asserted the burden to the defendants of the broad scope of the discovery ordered and a claim that some of the discovery impinged upon the attorney-client privilege.

The principal dispute concerning the discovery relates to the plaintiffs' request for disclosure of the defendant Dean Witter's records of the purchase and sale of the stock and options for stock of Storage Technology, Inc. When the objections were originally asserted, the objection simply asserted that the documents were "irrelevant" and that the request was "unduly burdensome, oppressive, and expensive." The court ordered discovery on October 20, 1982. Dean Witter on November 3rd filed a motion for reconsideration and attached employees' affidavits as to the extent of the records and the cost to effect discovery. This motion also raised for the first time the issue of attorney-client privilege. Eight months after the request for discovery and after the trial court's order directing discovery the defendant finally asserted the basis for its objection.

■ Turning now to the claims now asserted to sustain our writ, Dean Witter continues to press its claim that the documents sought are irrelevant. What has already been written with respect to the nature of the cause of action of the plaintiff is a sufficient answer to the defendants' contention that the discovery sought is irrelevant and that jurisdiction over such actions lies in the federal district courts. The petition states a cause of action under the Securities Act of 1933. Jurisdiction of such actions is in both the federal and state courts. On the theory of a failure to disclose the "position" of the defendant the discovery sought is highly relevant.

■ The defendant Dean Witter also argues that the discovery may violate the right of other customers to confidentiality of their stock records. It is a dubious proposition that defendants can assert such a claim of privilege, but assuming that such a privilege exists and that they have a right to assert it, the trial court may, under its discretionary power to issue protective orders, make appropriate orders under Rule 56.01(c) to protect against unwarranted public disclosure.

■ Dean Witter argues that the cost and expense of assembling the materials is oppressive and should be borne by the plaintiffs. The rulings of the trial court in this respect are conceded to be discretionary. Upon the whole record of this case, there is no abuse of that discretion. If the defendants had offered disclosure and relied upon a request for protective order as to the costs, the argument would come with better grace. Rule 57.01(c); Rule 56.01(c). The failure to provide the affidavit of the employees, which undergirds defendants' argument, until after discovery had been ordered likewise militates against a finding of an abuse of discretion.

■ The last argument tendered by defendant Dean Witter is that some of the items are privileged communications with attorneys. Dean Witter is correct as to the contention. *State ex rel. Great American Insurance Co. v. Smith,* 574 S.W.2d 379 (Mo. banc 1978).

Our preliminary writ was improvidently issued and is to be quashed insofar as it prohibits discovery of the records, but is to be made absolute as to the lawyer-client matters.

■ The proceedings in this case have unfortunately been a cause of delay to the plaintiffs. This delay combined with the demonstrated dilatory actions of the defendants has unduly delayed the determination of the merits of this action. The trial judge is aware of these circumstances and may appropriately control the future pro-

ceedings to prevent any unnecessary delay in the final disposition of the cause.

The action of the trial court in denying the motion for arbitration is affirmed, and the preliminary writ of prohibition is modified to prohibit only that portion of the trial court order requiring production of:

(1) Letter dated April 1, 1982, from Stephen H. Hill to Paul J. Dubow;

(2) Memorandum dated April 22, 1982, prepared by Stephen H. Hill of conversation with Paul J. Dubow;

(3) Letter dated May 17, 1982, from John W. Brand, Jr., to Stephen H. Hill;

(4) Letter dated April 5, 1982, from Paul J. Dubow to John W. Brand, Jr., Esq.;

(5) Letter dated April 16, 1982, from John W. Brand, Jr., to Paul J. Dubow.

All concur.