- The State *vs.* Ligon.

## THE STATE VS LIGON.

1. A plea in abatement to an indictment, that it was not found by the requisite number of grand jurors, because J M, one of them, was not, *at the time of the finding of the indictment*, a freeholder or householder of the county, is insufficient, and therefore bad on *demurrer*.

2. But where issue is taken on such defective plea, the defect will not be inquired into.

3. The averment of an affirmative fact, by a party pleading, renders it necessary for him to support it by evidence,—unless the law presumes its existence.

4. The law does not presume, that the grand jurors, returned by the sheriff, as by law required, are qualified to serve :—to wit, that they are all freeholders or householders.

5. Nor is the list of grand jurors, returned by the sheriff, evidence, that such grand jurors are qualified, according to law.

6. No judgment will be rendered to this court, on an immaterial issue.

This was an indictment for gaming, tried in Tuskaloosa Circuit court. The defendant plead, that one, of the grand jurors, who concurred in the finding of said indictment, and without whose concurrence, said indictment was not found by the requisite number of grand jurors, to wit, one J M was not at the time of the finding of said indictment, a true bill,—a freeholder or householder in said county of Tuskaloosa.

To this plea, the State replied, that the said J M was, at the time of the finding of said indictment, a good and

lawful grand juror for said county, for that he was at the time of said finding, a freeholder or householder of Tuskaloosa county.

The defendant demurred to the replication, which demurrer being overruled, and leave given to defendant to rejoin, then issue was submitted to a jury.

The defendant then demurred to the evidence, and under it, judgment entered for the State.

To prove that J M was a qualified grand juror, to wit, a freeholder or householder of Tuskaloosa county, the State proved by the sheriff's list, that the name of said J M was upon said list of freeholders and householders, returned by the sheriff to the clerk of the Circuit court, as by law required, next before the term at which he served as a grand juror; and also by the record, that said J M's name was upon the record, as one of those qualified persons selected according to the act of assembly, entitled an act "to alter the mode of selecting grand jurors," approved January the ninth, eighteen hundred and thirty-six, by the clerk and sheriff, under the superintendance of the judge of the County court. This was all the proof adduced on the part of the State, and was demurred to by defendant.

*Crabb*, for the appellant.
*Attorney General*, contra.

GOLDTHWAITE, J.—We can perceive no error, of which the defendant has any cause to complain, in the decision on the demurrer. If the plea is to be considered as available, the replication was strictly formal and re-

The State *vs.* Ligon.

gular, as it only asserted affirmatively, what was denied by the plea; and thus a proper issue was formed. The plea itself was insufficient, under the decision made in the case of the State vs Middleton, at the last term, and if it had been demurred to, must have been so pronounced; but as issue has been taken on it, the defect cannot now be examined—Hazard vs Purdom, (3 Porter, 43.) What would have been the effect of a motion on the part of the State to award a repleader, is a question which does not arise, and as to which, no opinion need be pronounced.

The State having elected to tender an issue to the country, on an immaterial plea, must, if the affirmative lies on it,—sustain the issue by proof, as in other cases; and it is therefore necessary to ascertain if the facts shewn in evidence warrant the judgment of the court on the demurrer to evidence. The records introduced, established nothing more, than that the sheriff, and previous to the court, returned the name of McCreight, as a householder or freeholder; but this return could not be conclusive, nor even *prima facie* evidence, that the fact was so. But it is said that the State was not obliged to sustain the issue by any proof,—that it is not allowable for a defendant thus to cast the onus of sustaining the prosecution, on the State. It is undeniable, that in all matters of pleading, the averment of an affirmative fact, by a party, renders it necessary for him to support it by evidence, unless the law presumes its existence. We are not aware that any presumption arises here, that the individual was qualified, as asserted by the replication; and it certainly was not such a fact as the defendant

7 P.                22

could be called on to disprove, as it would, in most cases, be barely possible to establish negatively, that McCreight was not a freeholder or householder. Nor is the argument sustainable, that the facts are equally within the knowlege of both parties. If they exist, they can surely be shewn by the State more easily, and with more certainty, than the defendant can establish the negative.

We, therefore, think it was erroneous, to render judgment on the demurrer to evidence for the State, and for this error, the judgment must be reversed; but no judgment can be here entered, because the issue is wholly immaterial.

The case must be remanded to the Circuit court, with instructions to award a repleader.