JUDGE COFER
delivered the opinion of the court.
These cases all involve the same question, were heard together, and will be disposed of in a single opinion.
The appellees were indicted in the Mercer Circuit Court for violations of a penal statute, and on their motions the court set aside the indictments and the commonwealth has appealed. The sole ground upon which the indictments were •set aside was that one of the members of the grand jury by which they were found was not a housekeeper.
Section 1 of article 1 of chapter 55 of the Revised Statutes provides “ that no person shall be qualified to serve as a grand juryman unless he be a citizen and housekeeper of the county in which he may be called to serve, and over the age of twenty-one years.”
*478 ■ Section 159 of the Criminal Code provides that “ the motion to set a,side the indictment can only be made upon the following grounds: 1. A substantial error-in the summoning or formation- of the grand jury; 2. That some person other than the grand’ jurors was present before the grand jury when they acted upon the indictment; 3. That the indictment was not found and presented as required by this Code.”
The only question presented then is whether impaneling as a grand juror one who is not a housekeeper is a substantial error in the “formation of the grand jury.”
We do not find that this question has ever been decided by this court. The practice in the circuit courts upon the subject has not been uniform, but it is believed that the general practice has been to set aside' the indictment whenever it has been made to appear that any member of the grand jury either lacked any of the qualifications prescribed by the statute or fell within any of the classes made incompetent by law. to serve on grand juries. No person is qualified to serve as a grand juryman unless he be a citizen and housekeeper of the county in which he may be called to serve and over the age of twenty-one years. If an indictment found by a grand jury having one member not possessing all these requisites is legal, then it vmuld be good if none of the members were legally qualified, and it might happen that a person would be indicted, tried, and convicted without having been accused by a single grand juror qualified by law to charge him.
The constitution provides that no person shall be proceeded against criminally except upon an indictment found by a grand jury; and the legislature, deeming this a valuable immunity of the citizen, has prescribed certain qualifications for grand-jurors, and as those qualifications have been deemed important by the legislature the courts are not authorized to say they are not essential. We are therefore of the opinion that the lack *479 in any member of a grand jury of any of the qualifications prescribed by the statute renders the indictment subject to be set aside as for a substantial error in the formation of the grand jury. This conclusion is not only in harmony with the principle of that part of the constitution relating to prosecutions for crime, but is believed to be in conformity to the practice in most of the circuit courts in this state, and is supported by the decided preponderance of judicial decisions in other states of the Union and in England. (State v. Middleton, 5 Porter, 484; State v. Segar, 7 Porter, 167; State v. Clarissa, 11 Ala. 57; Com. v. Cherry, 2 Virg. C. 20; Com. v. St. Clair, 1 Grat. 556; Doyle v. The State, 17 Ohio, 222; State v. Duncan & Trott, 7 Yerger, 527; State v. Bryant, 10 Yerger, 271; State v. Brooks, 9 Ala. 10; Barney v. State, 12 S. & M. 68; State v. Symonds, 36 Maine, 128; State v. Martin, 2 Iredell, 101; 6 Ibid. 98.)
The qualifications prescribed by the statute were no doubt deemed essential to the protection of the citizen as well as to the safety of society at large, but as to those negative clauses of the statute which declare certain persons incompetent to serve on grand juries who, although they may possess all the qualifications prescribed, are themselves, on accoxxnt of their avocation, peculiarly exposed to indictment, the rule would probably be different. Those persons are excluded froxn the grand jury not because they ax*e deemed unfit to indict others, but becaxxse, their avocation being of a public or gmsi-public nature, or of such character that they may need the supervisioxx of the gx-and jury, the public interest requires them to be excluded, xxot for the protection of others against the consequences of having incompetent or unfit grand jurors, but to prevent those having public duties to perform from being called away from them to serve on grand juries, aixd to prevent those pui’suing particular avocations, supposed to be of such a character as probably to render investigation *480 into their conduct by the grand jury necessary, from defeating indictments against themselves by being on the grand jury.
But while the fact that one not a housekeeper was a member of the grand jury which found the indictments furnishes grounds for setting it aside upon motion, the indictment is not on that account invalid, and unless advantage be taken of the irregularity in proper time and in the appropriate mode it will be deemed to have been waived. It has accordingly been held that objections to the indictment based on an irregularity in the formation of the grand jury must be taken at the term at which the indictment was returned. (11 Ala. 57.) And it has been repeatedly*held that such objection after pleading to the indictment comes too late. (People v. Griffin, 2 Barbour, 427; 2 Iredell, 101; 6 ibid. 98.)
Section 158 of the Criminal Code provides that “upon the arraignment, or upon the calling of the indictment for trial if there is no arraignment, the defendant must either move to set aside the indictment or plead thereto;” and section 156 provides that an arraignment shall only be made in indictments for- felony. Whenever therefore an indictment for a misdemeanor is called for trial the defendant ought either to move to set it aside or plead thereto, and in strictness no further- step can be taken in the' prosecution until this is done; and having failed to either move to set aside the indictments or plead to them at the time they were called for trial, the defendants lost the opportunity to plead as matter of right; and when they came at a subsequent term to plead they could only do so by permission of the court, and ought not to have been allowed to make a dilatory plea, but should have been refused' leave to plead any other than a meritorious plea-in bar.
The motion to set aside the indictments was in the nature of a plea in abatement, and not having been made at the proper time, the right to make it was waived. A contrary *481 rule would tend to encourage delays, and would offer great inducements to unfair and corrupt practices.
Prosecutions for nearly all misdemeanors are limited by our statute to twelve months, and a defendant in such a prosecution, knowing that defects and irregularities existed which would furnish grounds for setting aside the indictment, would be tempted to resort to means of procrastination until the prosecution was barred, and then by making objection to the indictment escape even a trial.
We are therefore of opinion that the objection to the indictments because one of the grand jurors was not a housekeeper, not having been made until the second term after the defendants were before the court on process, came too late, and ought not to have been entertained.
Wherefore the orders setting aside the several indictments in these cases are reversed, and the causes are remanded with directions to overrule the motions and proceed with the prosecutions.