CASE 10—INDICTMENT—SEPT. 13.

# Commonwealth v. Pritchett (two cases).

### APPEAL FROM HARDIN CIRCUIT COURT.

1. THAT A MEMBER OF A GRAND JURY WAS "a school trustee" when the indictment was found is no ground for setting it aside.

    If the objection had been made to him when the grand jury was impaneled he might have been discharged.

    The taking of *a school trustee* on a grand jury is not a substantial error in the summoning or formation of the grand jury.

    The right to make a motion to set aside an indictment for a misdemeanor is waived if not made at the proper time.   (Commonwealth v. Smith, 10 Bush, 476; Criminal Code, section 159.)

2. *The qualifications of grand jurors* named in the first sentence of section 1, article 1, chapter 62 of the General Statutes were created for the protection specially of the citizen, and are essentially different from those named in the second sentence of said section; and the rules applicable to each class are different.

3. *The Court of Appeals judicially knows* that a term of the Hardin Circuit Court intervened between the August term, 1874, and the August term, 1875.

THOS. E. MOSS, Attorney General,  .  .  .  For Appellant,

CITED .

Common School Law, art. 7, sec. 1.
Sergeant's Const. Law, 376.
Constitution of Kentucky, art. 2, sec. 8.
General Statutes, p. 223, chap. 13, art. 7, sec. 1.
Blackstone's App. 57, 58.      Rawle, Const. 213.

TURNER WILSON,  .  .  .  .  .  .  .  .  .  .  For Appellee,

CITED

General Statutes, chap. 62, art. 1, sec. 1.
Criminal Code, secs. 105, 349, 276, 331, 345, 349.

CHIEF JUSTICE PETERS DELIVERED THE OPINION OF THE COURT.

Appellee was indicted in the Hardin Circuit Court at its August term, 1874, in two cases, for infraction of the penal laws of the state.   He was arrested by the sheriff of said county in September, 1874, under bench warrants, and, having failed to put in bail as fixed by the court, he was delivered over to the jailer of the county.

At the August term, 1875, of the Hardin Circuit Court, on motion of appellee the indictments were set aside on the ground that James M. Lee, the foreman of the grand jury that found the indictments against him, was the trustee of a common-school district in said county; and to reverse said judgments the commonwealth prosecutes these appeals.

As the cases were heard together and the same questions arise in both, one opinion only need be delivered.

Section 1, article 1, chapter 62, General Statutes, page 570, provides that no person shall be qualified to serve as a grand juryman unless he be a white citizen and a housekeeper of the county in which he may be called to serve, and over twenty-one years of age.   No civil officer, surveyor of a highway, owner

of a grist mill, tavern-keeper, vendor of ardent spirits by license, or who for reward within the preceding six months stood a horse, jack, or bull, shall be competent to serve as a grand juror.

We admit that according to the approved definition of the terms the trustee of a common-school district is a "*civil officer;*" but does it follow that an indictment found by a grand jury, one of whom was at the time holding a civil office, should be set aside?

The section of the statute quoted is divided into two complete sentences. The first prescribes affirmatively, for the protection of the citizen, the qualifications a grand juror shall possess; he must be a white man, of mature age, and of a known habitation—a man with some experience in the affairs of life. The second sentence of the *section* provides that no civil officer, though he may be otherwise qualified, shall be competent to serve as a grand juror; and this inhibition was created for reasons altogether different from those on which the disqualifications in the first sentence are founded.

As a civil officer the individual has other public duties to perform, and if he were required to serve on grand juries such service might interfere with and prevent the performance of his other public duties essential to the well-being of the community. Moreover, civil officers are required by law faithfully to perform their official duties, and if at any time they should fail to do so their failure and misconduct might in many cases be inquired into by the grand jury, and it was therefore proper that they should have no place in the formation of that body; and as they are legally bound to discharge all the duties appertaining to their office, it would be unjust to them to require them to perform other public duties which might prevent or interfere with the performance of those previously undertaken.

The exemption or disqualification created in the last sentence of the section was intended to relieve the class of citizens

therein designated from the performance of duties which might be inconsistent with others which they had undertaken, and which might obstruct the performance of those pre-existing.

As the reasons for the disqualifications created by the first and second sentences of the *section* are totally different, and as the disqualifications created by the first were created for the protection of citizens, and as those in the second were created in part for the benefit of the class of persons therein named, and also to leave grand juries unembarrassed by the presence of those whose pursuits in life were most likely to direct the attention of grand juries to them, the rules applicable to each class are different.

Lee was not competent to act as a grand juror, not because he was not a white man of mature age and a housekeeper, but because he held a civil office. For that reason he might have claimed to be exempted from the service; or if the objection had been made to him when the grand jury was impaneled, he might have been discharged; but as his incompetency could not prejudice appellee, and as the indictment could be set aside for no other than a substantial error in the summoning or formation of a grand jury, we do not think it can be available to him as a cause to set aside the indictment.

But even if the foregoing conclusion had not been reached, the judgments are erroneous on another ground.

Section 159, Criminal Code, provides that the motion to set aside an indictment can only be made on the following grounds:

1. A substantial error in the summoning or formation of the grand jury.

2. That some person other than the grand jurors was present before the grand jury when they acted upon the indictment.

3. That the indictment was not found and presented as required by this Code.

In the Commonwealth v. Smith, &c. (10 Bush, 476) this

Commonwealth v. Pritchett.

court held that the lack of any member of a grand jury of any of the qualifications prescribed by the statute renders the indictment subject to be set aside as for a substantial error in the formation of the grand jury.

As before said, the indictments in this case were found August, 1874, and the motion was not made to set it aside till August, 1875, and appellee was in custody of the jailer. This court judicially knows that a term of the Hardin Circuit Court intervened between the August term, 1874, and the August term, 1875, of said court. And in the Commonwealth v. Smith, &c., *supra*, this court said, after quoting sections 156 and 158 of the Criminal Code, "Whenever therefore an indictment for a misdemeanor is called for trial, the defendant ought either to move to set it aside or plead thereto, and in strictness no further step can be taken in the prosecution until this is done;" and having failed to either move to set aside the indictments or plead to them at the time they were called for trial, the defendants lost the opportunity to plead as a matter of right; and when they came at a subsequent term to plead they could only do so by permission of the court, and ought not to have been allowed to make a dilatory plea, but should have been refused leave to plead any other than a meritorious plea in bar.

The motion to set aside the indictment was in the nature of a plea in abatement, and, not having been made at the proper time, the right to make it was waived. A contrary rule would tend to encourage delays, and would offer great inducements to unfair and corrupt practices.

Wherefore the judgments are *reversed*, and the causes remanded for further proceedings consistent with this opinion.