COMMONWEALTH *v.* DAVID MAY, ET AL.
SAME *v.* LOTT, ET AL.
SAME *v.* BROWN & KENNEDY.

**Criminal Law—Indictment—Grand Juror.**

It is error in the court to set aside an indictment because of the fact that one of the grand jurors by whom it was returned was under the statute incompetent.

**Appeals.**

The statute limiting the right of appeal to the court of appeals to cases where the amount involved in the judgment is less than fifty dollars, has no application to criminal cases.

APPEAL FROM THE HARDIN CIRCUIT COURT.

January 6, 1876.

OPINION BY JUDGE LINDSAY:

The court below erred in setting aside the indictments in these prosecutions. The fact that one of the grand jurors by whom they were returned was, under the statute, incompetent, did not authorize that action. *Commonwealth v. Patrick,* Mss. Opinion; *Commonwealth v. Smith, et al.,* 10 Bush 476.

This court has jurisdiction of these appeals. The penalty prescribed by the statute for selling or giving intoxicating liquor to a minor without proper authority is a fine of fifty dollars. Section I, Art. 22, Chap. 28, General Statutes, provides that "the court of appeals shall have appellate jurisdiction over the final orders and judgments of all other courts of this commonwealth, unless otherwise provided herein." Sec. 2, of the same article and chapter, provides that, "no appeal shall be taken to the court of appeals from a judgment for the recovery of money or personal property, if the value in controversy be less than fifty dollars, exclusive of costs."

We have, heretofore, expressed the opinion and acted upon the idea that these provisions did not apply in criminal proceedings; but upon reconsideration, we are convinced that the language of Sec. 1 is comprehensive enough to embrace all proceedings, criminal and penal as well as civil.

Judgment *reversed.*

*T. E. Moss, for appellant.*