# Carnley *v.* The State.

## *Vagrancy.*

(Decided June 30, 1909. 40 South. 362.)

1. *Indictment and Information; Return; Trial.*—Where the affidavits were in fact returned to the county court, and the trial was had by the court and not by the judge thereof as distinguished from the court, the defect in the warrant in making it returnable to the judge was not fatal.

2. *Vagrancy; Abandonment of Wife; Issue and Proof.*—Where the accused was charged conjunctively with having abandoned his wife and children the proof must show an abandonment of both in order to sustain a conviction under section 7843, Code 1907.

3. *Same.*—Where the defendant is charged with abandoning his wife and child, proof of marriage and paternity of the child is necessary.

4. *Same; Misconduct of Wife.*—Section 7843, Code 1907, does not make it a crime to abandon a wife and child on all occasions, nor where accused marries his wife under compulsion by criminal proceedings, whereby he was fraudulently induced to believe that he was the father of the child, which he afterwards discovered was not true.

5. *Witnesses; Husband and Wife; Abandonment.*—The wife is a competent witness against the husband in a prosecution for abandonment.

6. *Same.*—In a prosecution for abandonment, it is competent for the wife to testify against the defendant that the defendant is the father of the child alleged to have been abandoned.

7. *Abandonment; Husband and Wife; Evidence.*—Where the father denies the paternity of the child alleged to have been abandoned, he is entitled to produce evidence showing that he is not the father

APPEAL from Geneva County Court.

Heard before Hon. P. N. HICKMAN.

Tat Carnley was convicted of abandoning his wife and child, and he appeals. Reversed and remanded.

W. O. MULKEY, for appellant. The warrant was returnable to the judge and not to the court, and hence, was defective.—*Wiley v. The State,* 117 Ala. 158; 1 Bish. Crim. Proc. 722; Local Acts 1903, p. 40. Counsel discusses other questions involved, but without citation of authority.

ALEXANDER M. GARBER, Attorney General, for the State. The warrant was not defective.—*Hardin v. The State,* 109 Ala. 50. The court court did not err in the admission or exclusion of evidence.—*Hall v. The State,* 100 Ala. 86; *Carney v. The State,* 84 Ala. 7.

MAYFIELD, J.—The defendant was charged and convicted of vagrancy by abandoning his wife and child, as declared and defined by section 7843 of the Code of 1907. The prosecution was instituted by affidavit and warrant made returnable to the "judge of the county court of Geneva county." The local acts for that county (Loc. Acts 1903, p. 40) created the Geneva county court, conferring criminal jurisdiction on the court to try misdemeanors, and provided that prosecutions might be had in such court by the transfer of indictments from the circuit court, or by affidavit and warrant made returnable to that court.

It is first insisted by appellant that as the warrant in this case was made returnable to the judge of the county court, and not to the court, the court acquired no jurisdiction. This contention cannot be sustained. The affidavit and warrant were as a matter of fact returned to the court, and the trial was had in and by the county court, and not by the judge, as distinguished from the court. Moreover, the warrant provides that the defendant "shall appear at the next term of the county court of Geneva county and from time to time until discharged by law." The rights or the results could not have been different, had the warrant recited that it was returnable to the "county court."

It is unnecessary to decide in this case whether a man must have both a wife and child in order to be guilty, under the statute (Code 1907, § 7843), of abandoning either. The defendant in this case was charged conjunctively of abandoning both, and, of course, the proof must correspond with the charge. The offense must be proven as alleged. The defendant was also charged with abandoning "his" wife and child, not those of some other person; and, of course, this allegation must be proven. Proof of the marriage, together with that of the paternity of the child alleged to have been abandoned, was, therefore, both proper and necessary. The undisputed testimony showed the marriage, and the birth of the child before the marriage; and the court did not err in allowing the wife (she being a competent witness against the husband in this particular case) to testify that her husband, the defendant, was the father of the child.

For the same reason the court erred in declining to allow the defendant to deny or disprove that he was the father of the child. The fact that it was born out of wedlock is not conclusive proof of the paternity, when

that fact is a material issue, as it is in this case. Of course, if the question should arise collaterally, it might be conclusive, but not when the paternity is a material issue, and certainly not when, as in this case, it is shown that the child was born before marriage and while the mother was a single woman. The case of *Hall v. State*, 100 Ala. 86, 14 South. 867, does not deny proof of such facts, but, on the contrary, recognizes the admissibility and relevancy thereof, if it does not so decide. This court, in that case, construing a similar statute, said that the statute "cannot be construed to mean that it is criminal under any and all circumstances for the husband to abandon the wife. He may do so for divorcible cause."—In *Carney's Case*, 84 Ala. 10, 4 South. 285, it was held that, if the wife be guilty of adultery, the husband may abandon her without violating the statute. These cases hold, however, that neither adultery of the wife after abandonment, nor adultery, can be proven by hearsay testimony or by mere rumors. Therefore such evidence was properly disallowed on this trial.

The defendant should have been allowed to prove, however, by the witness Carnley, that the witness had had sexual intercourse with defendant's wife within the period of gestation as to the child, the paternity of which was in question. It is undenied that the husband and wife had sexual intercourse with each other before their marriage, and that bastardy proceedings were pending against the defendant, as to the child in question, when the marriage took place. The wife claimed, and was allowed to testify on this trial, that the defendant was the father of the child, and was the only person who had ever had sexual intercourse with her. If the defendant was the father of the child, he did right in condoning the wrong by marrying the woman and thus legitimatizing the bastard; but, if he was not the

[Carnley v. The State.]

father of the child, then he was wronged, and we are not prepared to say that the law would require him to live with and support the woman who had been guilty of perpetrating the wrong upon him after he had discovered that she had lived in adultery with other men and that he was not the father of the child. It would be a harsh law that would require a man to live with a woman as her husband, and to provide and care for her and her child, when he knows that he is not the father of the child.

The statute does not make it a crime to abandon the wife or child on all occasions, but makes it a crime only when he abandons them "without just cause." Of course, proof of the paternity of the child or of the infidelity of the wife should not be made by mere rumors, suspicions, or hearsay evidence; but a part of the evidence offered by the defendant was not hearsay. It was direct. He offered to prove by a witness that such witness had had sexual intercourse with the wife of the defendant during the period of gestation of the child as to which the paternity was in question. This was competent, and it was reversible error to decline to allow it.

For the error noted, the judgment of conviction must be set aside, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and DENSON, JJ., concur.