# Trawick *v.* The State

*Vagrancy.*

(Decided June 19, 1912. 59 South. 182.)

1. *Husband and Wife; Abandonment; Offense.*—Where a defendant is charged conjunctively with abandoning his wife and child in violation of Section 7843, Code 1907, the proof to support a conviction must show an abandonment of both.

2. *Same; Instructions.*—Where the evidence shows that the accused married his wife to settle a *quasi* criminal charge against him, and after the marriage, and before the birth of the child, he abandoned his wife, who lived with her parents, and after the birth of the child, he lived with the wife for a time, and then abandoned them, and failed to furnish them with the necessities of life, the refusal to charge that there could be no conviction for any act done by accused prior to the birth of the child, was error to reversal.

APPEAL from Geneva County Court.

Heard before Hon. JOHN A. CAMPBELL.

Joe Trawick was convicted of vagrancy, and he appeals. Reversed and remanded.

The following charges were refused to defendant:

"(9) The court charges the jury that there can be no conviction for any act done on the part of the defendant prior to the birth of the child."

"(11) The court charges the jury that, though you may believe from the evidence that the defendant abandoned his wife and refused to live with her and actually left her without sufficient means of subsistence, or in danger of becoming a public charge before the birth of the child, unless you believe that he abandoned her, and left her without sufficient means of support, or in danger of becoming a public charge after the birth of the child, he cannot be convicted."

W. O. MULKEY, and J. L. MURPHY, for appellant. The offense must be proven as charged.—*Carnley v. The State,* 162 Ala. 94. The evidence as to defendant's promises was immaterial and irrelevant.—*Gassenheimer v. The State,* 52 Ala. 313. A justice of the peace cannot testify that he issued warrants without first accounting for the warrant.—*DuBose v. The State,* 115 Ala. 70. Of course, then a witness at whose instance a warrant was issued cannot testify that he had a prosecution commenced.—*McCormack v. The State,* 102 Ala. 161. Charges 9 and 11 should have been given.—*Carnley v. The State,* 162 Ala. 94; *Newsom v. The State,* 107 Ala. 133. Charge 13 should have been given.—Authorities supra.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. Counsel discuss the errors assigned, but without citation of authority.

DE GRAFFENRIED, J.—Among the numerous acts which section 7843 of the Code declares to be an act of vagrancy is the following: "8. Any able-bodied person who shall abandon his wife and children, or either of them, without just cause, leaving her or them without sufficient means of subsistence, or in danger of becoming a public charge."

The defendant was tried in the county court of Geneva county for a violation of the above section of the Code, in that, to use the language of the affidavit upon which he was tried, "Joe Trawick, an able-bodied person, did abandon his *wife* and *child,* without just cause, leaving *them* without sufficient means of subsistence, or in danger of becoming a public charge, against the peace," etc· When the accused is charged in the affidavit or indictment upon which he is tried conjunctively, as in this case, with having abandoned his wife and child, the proof must show an abandonment of both the wife and child to sustain a conviction under the above-quoted subdivision of section 7843 of the present Code.—*Carnley v. State,* 162 Ala. 94, 50 South. 362.

The evidence in this case tended to show that the marriage of the defendant was had as a means of settling a bastardy proceeding which was pending against him at the time of his marriage. It was claimed, in the bastardy proceedings, that he was the father of an unborn child of an unmarried female, and to rid himself of the prosecution, and, it may be, as a voluntary act of condonation of the wrong, he married the woman. After the marriage, and *before* the birth of the child, it is claimed that the defendant abandoned the wife. During that period, the wife lived with her father and mother. After the birth of the child, the wife and child, for a short period, lived with the defendant, and it is claimed that the defendant then abandoned both the

9 CA

wife and child by withdrawing his society from them, and by his failure and refusal to furnish them with the necessities of life.

The above being the situation, charges 9 and 11, requested in writing by the defendant, should have been given. The words "the leave" appearing in charge 11, were, we think, written "to live" in the original charge, and this patent defect in charge 11 is, in all probability, due to an error of the clerk in transcribing the charge in the transcript. However this may be, the judgment of the court below must be reversed because of the refusal of the court to give charge 9, and, as this case must be again tried, we think it well to call attention to the condition of charge 11 as it appears in the transcript.

The above charges assert the simple proposition that, under the affidavit in this case, there cannot be a conviction, unless the defendant abandoned both the wife and child. The affidavit does not charge the abandonment of the wife *only,* but the abandonment of the *wife and child.* In the case of *Carnley v. State,* 162 Ala. 94, 50 South. 362, cited by counsel for the defendant in his brief, the Supreme Court says: "The defendant in this case was charged conjunctively of abandoning *both,* and, of course, the proof must correspond with the charge." The above charges simply assert the proposition that, in this case, there cannot be a conviction for an abandonment of the wife before the child was born, but only of both the wife and child. They assert correct propositions of law as applied to the evidence in this case, and should have been given.

Reversed and remanded.