(86 South. 88)

STATE v. JEFFERSON COUNTY et al.
(6 Div. 694.)

(Court of Appeals of Alabama.   May 18, 1920. Rehearing Denied June 1, 1920.)

LICENSES ⊂⇒32(2)—COMMISSION OF PROBATE JUDGE ON AUTOMOBILE LICENSE TAX RECEIPTS DEDUCTIBLE FROM FUNDS OF CITY AND STATE AFTER DIVISION.

Acts 1915, p. 493, § 9, providing for division of automobile license tax receipts between city or county and state, permits the collector to deduct from the various funds, after division at the time he makes settlement, the 2½ per cent. commission to be paid to the judge of probate for collection.

Appeal from Circuit Court, Jefferson County; Horace C. Wilkinson, Judge.

Action by the State of Alabama against Jefferson County and the City of Birmingham to recover certain portions of the automobile license tax. Judgment for defendants, and the State appeals. Reversed and rendered.

Certiorari denied, 204 Ala. 393, 86 South. 89.

J. Q. Smith, Atty. Gen., and Harwell G. Davis, Asst. Atty. Gen., for the State.

The contention of the state is that the state should bear its proportionate part only of the burden of collecting these licenses, and that the counties and cities should bear their proportional part. Attention is directed to the section as it appears in Acts 1911, p. 170, and in Acts 1915, p. 493, in the light of the following authorities: 188 Ala. 166, 66 South. 47; 186 Ala. 192, 65 South. 177, Ann. Cas. 1916E, 99; 185 Ala. 512, 64 South. 549; 163 Ala. 174, 50 South. 390; 183 Ala. 554, 63 South. 76; 185 Ala. 439, 64 South. 57; 59 Ala. 195; 37 Pac. 781.

Fred G. Moore, City Atty., Walter Brower, Asst. City Atty., and W. K. Terry, all of Birmingham, for appellee.

In the use of the words "gross" and "remainder" the Legislature intended that the taxing power should bear the burden of collecting it, and that the city and county should receive their portion of the gross, without any deduction. 191 Ill. 410, 61 N. E. 94; 80 Md. 483, 31 Atl. 439, 27 L. R. A. 648; 5 Misc. Rep. 8, 24 N. Y. Supp. 769. The case of Shaver v. Robinson, 59 Ala. 195, is without application to the incident case.

SAMFORD, J.   The determination of this appeal depends on a construction of the following part of section 9, p. 493, of the Acts of 1915, to wit:

"The money collected for such license taxes shall be 'divided as follows: Forty per centum of the gross revenue derived from any incorporated city or town shall be paid by the judge of probate to the treasurer of the city or town in which the owner or licensee resides, and forty per centum of the gross revenue derived from any county outside of any incorporated city or town shall likewise be paid by the judge of probate to the treasurer of said county; the remainder shall be paid by the judge of probate to the state treasurer. The judge of probate shall be entitled to two and one-half per cent. commission on all money collected under the provisions of this paragraph, which he may retain out of the money so collected."

It is contended by Jefferson county and the city of Birmingham that the 40 per centum allowed the city or county shall bear no part of the burden of collecting the licenses; that the $2.50 out of each $100 allowed the judge of probate as commission for collecting the licenses shall be paid out of the share of the fund going to the state. In other words, the

━━━━━━

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

county or city would receive out of each $100 the sum of $40, the judge of probate $2.50, and the state $57.50. The contention of the state, the appellant, is that each portion of the fund, whether going to the state, county, or city, should bear its proportionate burden of the expense of collection, and that the city or county would receive $39 out of each $100, and the state $58.50. The case was tried on an agreed statement of facts.

The entire contention of the appellee is grounded on the use of the two words "gross" and "remainder," in the quoted provision, it being contended that by the term providing that the county or city should receive 40 per centum of the "gross revenue" arising from collections of such license taxes and the state receive the "remainder" it was intended for the county and cities to receive $40 out of each $100 and the state is to receive the "remainder," after paying the commissions due the judge of probate for collecting the same.

The Legislature, in the sentence in the revenue act above quoted, was dealing with the gross revenue derived from the licenses to be collected under section 9 of the act, and provided for a division of such revenue between the city or county, as the case may be, and the state, upon a basis of 40 per centum and 60 per centum. The act also provided for this division to be made with the various governmental agencies by the judge of probate, who makes the collection. The sentence as enacted into law, when construed according to the rules, is not susceptible of any other meaning, and but for the succeeding sentence no construction here would be necessary. The sentence immediately following is:

"The judge of probate shall be entitled to 2½ per cent. commission on all money collected under the provisions of this paragraph, which he may retain out of the money so collected."

Out of what money is it to be retained, and when to be deducted? It seems to us clear that the retention is to be from the gross amount appropriated to each beneficiary, and to be deducted by the judge of probate at the time he makes settlement with the various governmental agencies.

In this view we are confined by reason of the policy of the state which has obtained since the 59th Alabama, where it is said by the court, speaking with reference to poll taxes which had been levied exclusively for the school system:

"It was not contemplated that it should be relieved of the common burden of all revenue raised under our statutes—the expense of its own assessment and collection." Shaver v. Robinson. 59 Ala. 195.

There is no ambiguity in the sentence of the statute dividing the gross revenue between the city, or county, and the state. The division is fixed, and the later sentence providing for 2½ per centum to be paid to the judge of probate can only have the effect of permitting the collector to deduct it from the various funds after division at the time he makes settlement. In this connection it is not necessary to go beyond the statute itself, or to look to the context and history of the statute, or to disregard any grammatical construction and the literal meaning of words. It follows, therefore, that the circuit court erred in rendering judgment for the defendant, and on the undisputed facts should have rendered a judgment for the plaintiff.

The judgment of the circuit court is reversed, and a judgment will here be rendered in favor of the plaintiff for the amount sued for, with interest thereon from June 30, 1919.

Reversed and rendered.