(86 South. 89)

## Ex parte JEFFERSON COUNTY.

## STATE v. JEFFERSON COUNTY.

### (6 Div. 106.)

(Supreme Court of Alabama. June 26, 1920.)

Licenses ⬤⟹32(2)—Commission of probate judge on automobile license taxes can be deducted from city and state funds after division.

In view of the origin of the language of Acts 1915, p. 493, § 9, providing for the division of automobile license tax receipts between the city or county and the state, the collector is permitted to deduct from the various funds, after he makes settlement, the 2½ per cent. commission of the judge of probate for collecting the tax.

Certiorari to Court of Appeals.

Petition by Jefferson County and the City of Birmingham for certiorari to the Court of Appeals to review and revise the judgment and opinion of said court rendered in the case of State of Alabama v. City of Birmingham and Jefferson County, 86 South. 88. Writ denied.

Fred G. Moore, City Atty., Walter Brower, Asst. City Atty., and W. K. Terry, all of Birmingham, for appellant.

Counsel discuss the case cited by the Court of Appeals in the support of its opinion, and insist that it is without application and that the Court of Appeals improperly construed the statutes in question, but they cite no authority in support of their contention.

J. Q. Smith, Atty. Gen., and Harwell G. Davis, Asst. Atty. Gen., for the State.

Counsel call attention to the strong opinion of the Court of Appeals, and also cite the following authorities as to other reasons as to why the writ should not be granted: 182 Ala. 419, 62 South. 712, 47 L. R. A. (N. S.) 607; 154 Ala. 151, 45 South. 841; 115 Ala. 226, 22 South. 68; 163 Ala. 174, 50 South. 390; 188 Ala. 166, 66 South. 47; 186 Ala.

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

192, 65 South. 177; 185 Ala. 512, 64 South. 549; 173 Ala. 129, 55 South. 810.

PER CURIAM. We have thought it to be possibly of some use to supplement the opinion of the Court of Appeals (86 South. 88) as follows: The argument against the state is founded upon the word "gross" in the act of 1915, and the fact that in the concluding clause of the sentence the mandate is that the "remainder" shall be paid to the state treasurer. The act is not a model of lucidity at the point in question, it must be conceded, and its true interpretation, whether one way or the other, must rest upon an inference not as satisfying as we would like to have it. Still, we note, in addition to what the Court of Appeals has said, that the language which directs the disposition of "forty per centum of the gross revenues derived from any incorporated city or town," and like language in respect of the disposition of revenues derived from any county outside of any incorporated city or town, is copied from the act of 1911 on the same subject (Acts 1911, p. 170). But in the act of 1911 the word meant nothing, for under that act the license taxes on automobiles were paid to the secretary of state and there was no deduction for commissions, unless, indeed, "gross" was used instead of "aggregate," as probably it was. Loosely, then, this language was transplanted into the act of 1915, and to it was added the new provision that "the judge of probate shall be entitled to two and one-half per cent. commission on all money collected under the provisions of this paragraph, which he may retain out of the money so collected." Acts 1915, p. 493, § 9. This statement of the origin of the language of the act in question warrants and requires, as being most reasonable, the interpretation put upon it by the Court of Appeals.

Certiorari denied.

ANDERSON, C. J., and SAYRE, GARDNER, and BROWN, JJ., concur.

---

⬅⮞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes