(129 So. 48)

### JEFFERSON COUNTY v. CITY OF BIRMINGHAM.

6 Div. 617.

Supreme Court of Alabama.

May 29, 1930.

Rehearing Denied June 26, 1930.

Ernest Matthews, of Birmingham, for appellant.

Horace C. Wilkinson, of Birmingham, for appellee.

**BROWN, J.**

At the filing of the bill the respondent, the county of Jefferson, had in its treasury the sum of $90,627.71, being one-half of the road tax levied and collected for the year 1928, which, under the statute, in the main, was due to be paid to the city of Birmingham for the maintenance of its streets. Code 1923, § 6774.

But, as the bill alleges, the respondent, the county of Jefferson, through its board of revenue, has refused to comply with the statute, claiming that during the past several years it was entitled to deduct from the gross amount of road taxes theretofore collected, the statutory commissions allowed the county tax assessor and collector for assessing and collecting, which it failed to deduct and retain, amounting in the aggregate, with interest, to $57,621.35, for years up to and including 1927, and for the current year, 1928, $3,682.28, making a total of $61,313.63, which said sum it claimed the right to retain and appropriate to its uses.

The bill further avers, to state the substance of the averments, that the county and its board of revenue are threatening to pay out said sum of $61,313.63 to other uses wholly in disregard of the rights of the complainant.

The purpose of the bill is to restrain the misappropriation of this fund, and to compel its payment to the complainant.

■ It is well settled that mandamus will not lie in such case, if the fund in question has been expended. Board of Revenue of Jefferson County v. City of Birmingham, 205 Ala. 338, 88 So. 16.

If the county's claim that it has the right to withhold the taxes collected for the current year to reimburse itself for the excess payments made in the past, and interest thereon representing the statutory commissions of the tax officials, and to expend the same in the maintenance of county roads, is unfounded, then such use of the fund would be a misappropriation, and the equity of the bill to enjoin such misappropriation is fully sustained. Kumpe et al. v. Bynum et al., 158 Ala. 311, 48 So. 55; New Orleans, Mobile & Chattanooga, R. R. Co. v. Dunn et al., 51 Ala. 128.

The provisions of the statute are that: "The courts of county commissioners and boards of revenue, where there is levied a road tax, general or special, or where by the tax levy a portion of the tax is levied for or devoted to the purpose of constructing, repairing or maintaining roads and highways of any description in the county except the special tax authorized by subdivision (a) of section 215 of the constitution, shall pay over each year to each municipality therein one-half of the money collected on such road tax on the property located in such municipality." Code 1923, § 6774.

■■ While nothing is said in this section in respect to the statutory commissions for the assessment and collection of such special tax, it was adopted along with sections 3040 and 3048, as a part of the Code of 1923, and these sections must be construed in pari materia, and it is clear, at least since the adoption of the present Code, that the terms "one-half of the money collected" refer to the net amount after deducting the necessary statutory commissions for the assessment and collection of the tax. City of Birmingham v. Southern Express Co., 164 Ala. 529, 51 So. 159; Shaver, as County Supt., etc., v. Robinson, as Tax-Collector, etc., 59 Ala. 195; State v. Jefferson County, 17 Ala. App. 460, 86 So. 88; Id., 204 Ala. 393, 86 So. 89.

■ The amount appropriated by the statute to the use of the complainant for the year 1928 was not subject to reduction by the alleged set-off, for overpayments made in previous years. Shaver, as County Supt., etc., v. Robinson, as Tax-Collector, etc., supra; Enterprise v. Rawls, 204 Ala. 528, 86 So. 374, 11 A. L. R. 1175; Hethcock v. Crawford County, 200 Mo. 170, 98 S. W. 582.

The bill is not without equity, and the demurrer for want of equity was overruled without error. This is the only question insisted upon. The decree of the circuit court is therefore affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.