155 So. 708

**STEBER v. STATE.**

I Div. 832.

Supreme Court of Alabama.
June 21, 1934.

Thos. E. Knight, Jr., Atty. Gen., and Outlaw & Seale, of Mobile, for the motion.

For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes

T. M. Stevens, Chairman, B. F. McMillan, Jr., Wm. G. Caffey, Sam M. Johnston, and Alex T. Howard, Committee Mobile Bar Ass'n, all of Mobile, amici curiæ in support of the motion.

George A. Sossaman, of Mobile, opposed.

FOSTER, Justice.

The Act of July 22, 1931 (Gen. Acts 1931, p. 545), undertakes to abolish juvenile courts in all counties which then had, or which may thereafter have, a population of not less than 105,000, and not more than 300,-000 according to the last or any succeeding federal census. It does not repeal any certain law, but only abolishes the court in certain counties, and repeals the laws generally to the extent that they conflict.

There were then laws, supposed to be general, one of which only applied for the present in Montgomery county—Gen. Acts 1931, p. 132, population 75,000 to 100,000—and one to Jefferson county—Gen. Acts 1931, p. 542, population over 200,000—and one to Mobile county—Gen. Acts 1927, p. 653, as amended by Gen. Acts 1931, p. 244, population 100,000 to 175,000—and section 3529, Code, as amended by Act of June 29, 1931 (Gen. Acts 1931, p. 355, § 2), applied to all other counties.

■ We judicially know that on July 22, 1931, the county of Mobile was the only county within the classification attempted of 105,000 to 300,000 and that no other county can come within that classification until there is another federal census.

■ But every county in the state has by existing law provision for a juvenile court. For any county which shall reach a population which by the federal census shall number between 105,000 and 300,000, the law now in existence which creates a juvenile court for it is now repealed to that extent by the Act of July 22, 1931, if that act is otherwise effective. It therefore applies to the whole state, and is a general law as defined in section 110, Constitution, and the requirements of section 106 of the Constitution do not apply.

■ On July 17, 1931 (Gen. Acts 1931, p. 479), another bill was declared to be enacted which created a court of domestic relations in counties of that class, in lieu of juvenile

courts, and in section 40 (page 500) repealed all laws in conflict with it.

The Journal shows that the two bills are numbered consecutively, were introduced on the same day, by the same representative from Mobile county, and were often considered by the Legislature on the same day. They both have present application only to Mobile county, and refer to a classification of between 105,000 and 300,000, and appear to be the only acts which make that classification. They both abolish juvenile courts in counties of that class, and repeal all conflicting laws.

That of July 17th only abolishes courts in such counties upon the establishment of the court there attempted to be created. By that act the legislative intent was clear that the juvenile court was intended to be supplanted by a domestic relations court there described. The Legislature expressed an intention to make that legal status exist by the passage of that act, and passed that of July 22d, which purported to abolish all juvenile courts in that class, without reference to the domestic relations court, which they evidently thought was properly created.

If the two acts are construed in pari materia, they should be held to effectuate a common purpose. We think that they should be so treated conformably to principles which this court has often approved. Marengo County v. Wilcox County, 215 Ala. 640 (9), 112 So. 243; City of Mobile v. Smith, 223 Ala. 480, 136 So. 851; Board of School Com'rs of Mobile County v. Am. Surety Co., 220 Ala. 458, 125 So. 906; Ward v. State, 224 Ala. 242, 139 So. 416; Jefferson County v. Birmingham, 221 Ala. 476, 129 So. 48; State v. Murphy, 207 Ala. 290, 92 So. 661; State v. Nelson, 210 Ala. 663, 98 So. 715; State v. Montgomery, 177 Ala. 212, 59 So. 294; Tucker v. McLendon, 210 Ala. 562, 98 So. 797; State v. So. Express Co., 200 Ala. 31, 75 So. 343; Ex parte State, 197 Ala. 570, 73 So. 101; Ross v. State, 15 Ala. App. 187, 72 So. 759; Id., 198 Ala. 694, 73 So. 1001; 59 Corpus Juris, 1053, 1054; 25 R. C. L. §§ 285, 286.

Our judgment is therefore that when the Act of July 17th was declared unconstitutional (Kearly v. State, 223 Ala. 548, 137 So. 424), it included that of July 22d, so that the juvenile court of Mobile county was not effectually abolished.

The Act of September 9, 1927 (Gen. Acts 1927, p. 653), as amended by that of April 21, 1931 (Gen. Acts 1931, p. 244), creating the juvenile court is also general and not local in its operation. For our rule is that when a classification upon a population basis is made in good faith, and it is not arbitrary, it may stand as a general law though its present operation would only extend to one county, if it is so set up that all other counties may reasonably come into the classification by a change of the status of its population, and be so situated that all features of the act would apply then to such other county. Some of our late cases to that effect are: State v. Lutz, 226 Ala. 497, 147 So. 429; Wages v. State, 225 Ala. 2, 141 So. 707; State v. Herzberg, 224 Ala. 636, 141 So. 553; State ex rel. Ward v. Henry, 224 Ala. 224, 139 So. 278; Ward v. State, 224 Ala. 242, 139 So. 416.

The Act of July 17, 1931 (Gen. Acts 1931, p. 479), was held by us to be a local law because it could not be applicable to any county except Mobile pursuant to the last or any subsequent federal census. Sections 2 and 3 (pages 480, 481) particularly referred to the selection of the officers in a manner which would not operate after the census of 1940, since the dates were fixed in the act itself. But the Act of September 9, 1927, as amended, does not have those qualities.

While the expression used is for the present creation of the court, and it extended to counties now having, or which shall hereafter have 100,000 to 175,000 population, as shown by the last federal census, the present tense was evidently meant to apply to the time when a county not then having such a population shall thereafter be so possessed, according to the federal census last preceding that time. The act would then be operative as of the then present conditions. We find nothing in it which would not apply to such future conditions.

It is not dependent upon further legislation, and while it only applies to Mobile county at the present time, all other counties may come into the classification and become subject to it automatically as and when their population by a federal census shows the stipulated number of residents.

The special conditions which have caused us to strike down laws as purely local do not here exist, such as are set out in Henry v. Wilson, 224 Ala. 261, 139 So. 259; Ward v. State, 224 Ala. 242, 139 So. 416; Birmingham Electric Co. v. Harry, 215 Ala. 458, 111 So. 41; State ex rel. Russum v. Jefferson County, 224 Ala. 229, 139 So. 243.

It follows that we do not agree with the opinion of the Court of Appeals that defendant's motion to quash should have been granted.

Though pleas 2 and 5 may not have presented a good defense (Carnley v. State, 162 Ala. 94, 40 So. 362), the rule which has been generally sustained in this state in civil cases, that when issue is taken on an immaterial plea, and it is proven, defendant is due the general charge, seems also to exist in criminal cases (State v. Ligon, 7 Port. 167), with certain limitations for the benefit of defendant, Green v. State, 73 Ala. 26, at page 30.

We therefore concur in the opinion of the Court of Appeals as to the effect of that status, and that the judgment should be reversed and the cause remanded for another trial.

The petition for a writ of certiorari is denied.

Writ denied.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.