159 So. 273

**McCULLERS v. STATE.**

**7 Div. 45.**

Court of Appeals of Alabama.
Feb. 5, 1935.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

This prosecution originated in the county court, upon affidavit and warrant, wherein appellant was charged with the offense of being a vagrant. The trial in the county court resulted in his conviction, whereupon he took an appeal to the circuit court, and was there tried upon a complaint filed by the solicitor, as the statute requires. The complaint contained two counts, as did the original affidavit. We gather from the record that the trial proceeded in the circuit court as for a violation of section 5571, subd. 8, of the Code 1923. The subdivision (8) supra, reads as follows: "Any able-bodied person who shall abandon his wife and children, or either of them, without just cause, leaving her or them without sufficient means of subsistence, or in danger of becoming a public charge."

The punishment for vagrancy, in any of its phases, is prescribed by section 5572 of the Code of Alabama, 1923. It is there provided that any person convicted of the offense must be fined not more than $500, and may also be sentenced to hard labor for the county for not more than 12 months.

The trial in the circuit court resulted in the conviction of defendant, and the jury assessed a fine against him of $250. Failing to pay said fine, or to confess judgment therefor with good and sufficient sureties, as the statute provides (section 5288), the court duly sentenced him to hard labor for the county as provided by section 5290 of the Code, 1923. From the judgment of conviction, this appeal was taken.

The evidence disclosed without dispute or conflict that this appellant married Nettie McCullers on October 23, 1933, and that they lived together about one month when he left her. The evidence also without dispute shows that this woman gave birth to a child about four weeks after the marriage aforesaid. The child was begotten out of wedlock and the testimony of the woman was to the effect that this appellant was its father, also that he was the only man with whom she ever had sexual intercourse. The defendant denied paternity of the child, also that he had sexual intercourse with the woman at or about the time the child was begotten. He did admit that he had intercourse with her about a year before the child was begotten.

 It would appear that the defendant relied upon the provision of the statute, "with-

out just cause," to justify him in his admitted abandonment of the wife and child. It was also admitted by him that at no time after he left her did he contribute in any manner to the support of his wife and her child. Certainly, if the defendant was not the father of the child, the law would not require him to live with and support either the mother or the child, for, as stated in the case of Carnley v. State, 162 Ala. 94, 50 So. 362, 363, "It would be a harsh law that would require a man to live with a woman as her husband, and to provide and care for her and her child, when he knows that he is not the father of the child." The statute does not make it a crime to abandon the wife and child on all occasions, but the statute applies when such abandonment is "without just cause." In other words, there can be no guilt where there is legal excuse or justification for the act charged. So, if the wife be guilty of adultery, or unlawful fornication, he would be excused. But this, like all other material inquiries of fact, is a matter of legal proof, and mere suspicions of the wife's infidelity, based upon hearsay or upon rumors, will not suffice; the risk incident to the abandonment is his own, and the burden of proof is on the husband to establish the facts tending to show that he had just cause so to do, this, in order to bring him within the exception of the statute.

 In this case, on this the controlling question, the evidence was hopelessly in conflict; therefore, the court who proceeded along the lines of the discussion here properly submitted this, and other questions involved upon the trial, to the jury for its determination.

 As to the remaining point of decision, the following quotation from Carney v. State, 84 Ala. 7, 4 So. 285, is a complete and full answer to appellant's contention, "It need not be shown that the danger of their [the wife and children] becoming a burden to the public is immediate or imminent; but it is sufficient to show they will probably become such a burden within a reasonable time, and in the ordinary course of events. * * * Evidence [may be shown] that the defendant's wife had not earned her own living since the birth of her child," but had been supported by her brother-in-law.

After a careful attentive consideration of the entire record, we have reached the conclusion that the defendant, appellant here, was accorded a fair and impartial trial, and that no ruling of the court erroneously affected his substantial rights. No reversible er-

ror appearing, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.